Lisa Gilford (State Bar No. 171641)
Christine J. Roberts (State Bar No. 265396)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  lisa.gilford@alston.com

Kristine McAlister Brown (*admitted pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
Email:  kristy.brown@alston.com

Attorneys for Defendant
**T-MOBILE USA, INC.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAN ABOUDI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. and DOES 1-10, inclusive, and each of them,<br><br>Defendants. | Case No.: 3:12-cv-02169-BTM-NLS<br><br>**DEFENDANT T-MOBILE USA, INC'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Date Action Filed: September 4, 2012 |

Defendant T-Mobile USA, Inc. ("T-Mobile") hereby responds to the First Amended Complaint ("Amended Complaint") filed by Plaintiff and states as follows:

1. T-Mobile admits that Plaintiff purports to bring this action for himself and others he claims are similarly situated and that Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. T-Mobile denies, however, that there are any others similarly situated to Plaintiff with respect to the claims asserted and that Plaintiff's claims satisfy the requirements for class

1 certification. T-Mobile also denies that it violated the Telephone Consumer Protection Act in any way and that Plaintiff is entitled to any legal or equitable remedies under the Act. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 1.

2. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the first and second sentences of Paragraph 2 and, on that basis, denies them. Because the third sentence of Paragraph 2 sets forth only legal conclusions, T-Mobile is not required to respond and, on that basis, T-Mobile denies the allegations set forth in the third sentence of Paragraph 2. T-Mobile further states that this Court has federal question jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740 (2012).

3. Because Paragraph 3 sets forth only legal conclusions, T-Mobile is not required to respond and, on that basis, T-Mobile denies the allegations set forth in Paragraph 3.

4. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 and, on that basis, denies them.

5. T-Mobile admits the allegations set forth in Paragraph 5.

6. In response to the first sentence of Paragraph 6, T-Mobile admits that Plaintiff purports to use the term "Defendants" to refer to T-Mobile and its subsidiaries and agents. T-Mobile notes, however, that its subsidiaries and agents are not a party to this lawsuit. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the second and fourth sentences of Paragraph 6 and, on that basis, denies them. T-Mobile denies the allegations set forth in the third sentence of Paragraph 6. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 6.

7. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 and, on that basis, denies them.

1    8.    T-Mobile admits that it has called the number 310-745-4411 in an attempt to contact Prophet Walker and collect a debt that he owes T-Mobile. T-Mobile further admits that it placed the first such call to 310-745-4411 in or around February 2012. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 8.

    9.    T-Mobile denies the allegations set forth in Paragraph 9.

    10.    T-Mobile denies the allegations set forth in Paragraph 10.

    11.    T-Mobile denies the allegations set forth in Paragraph 11.

    12.    Because Paragraph 12 sets forth only legal conclusions, T-Mobile is not required to respond and, on that basis, T-Mobile denies the allegations set forth in Paragraph 12.

    13.    T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 and, on that basis, denies them.

    14.    T-Mobile denies the allegations set forth in Paragraph 14 of the Amended Complaint.

    15.    T-Mobile denies the allegations set forth in Paragraph 15 of the Amended Complaint.

    16.    T-Mobile denies the allegations set forth in Paragraph 16 of the Amended Complaint.

    17.    T-Mobile denies the allegations set forth in the first sentence of Paragraph 17. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 17 and, on that basis, denies them. T-Mobile denies the allegations set forth in the third sentence of Paragraph 17.

    18.    T-Mobile admits that Plaintiff brings his claim on behalf of himself and the putative class he proposes in Paragraph 18 of the Complaint. T-Mobile denies, however, that there are any others similarly situated to Plaintiff with respect to the

claims asserted and that Plaintiff's claims satisfy the requirements for class certification. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 18.

19. T-Mobile denies the allegations set forth in Paragraph 19 of the Amended Complaint.

20. In response to the first sentence of Paragraph 20, T-Mobile admits that Plaintiff purports to exclude from the proposed class T-Mobile's employees and agents. T-Mobile denies that Plaintiff's claims satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 20 and, on that basis, denies them. T-Mobile denies the allegations set forth in the third sentence of Paragraph 20. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 20.

21. T-Mobile denies the allegations set forth in the first sentence of Paragraph 21. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 21 and, on that basis, denies them. In response to the third sentence of Paragraph 21, T-Mobile admits that Plaintiff alleges that putative class members can be ascertained by records maintained by T-Mobile, but denies that this is in fact the case. T-Mobile further denies that Plaintiff's claims satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. Except as expressly admitted herein, T-Mobile denies the allegations set forth in Paragraph 21.

22. T-Mobile denies the allegations set forth in Paragraph 22.

23. T-Mobile denies the allegations, set forth in Paragraph 23, including subparts (a)-(c).

24. T-Mobile denies the allegations set forth in Paragraph 24.

25. T-Mobile denies the allegations set forth in the first sentence of Paragraph 25. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 25 and, on that basis, denies them.

26. T-Mobile denies the allegations set forth in Paragraph 26.

27. T-Mobile denies the allegations set forth in Paragraph 27.

28. T-Mobile notes that there is no Paragraph 28 contained in the Amended Complaint.

29. T-Mobile denies the allegations set forth in Paragraph 29.

30. T-Mobile repeats and reincorporates by reference its responses to Paragraphs 1-29 as if set forth fully herein.

31. T-Mobile denies the allegations set forth in Paragraph 31.

32. T-Mobile denies the allegations set forth in Paragraph 32.

33. T-Mobile denies the allegations set forth in Paragraph 33.

34. T-Mobile repeats and reincorporates by reference its responses to Paragraphs 1-33 as if set forth fully herein.

35. T-Mobile denies the allegations set forth in Paragraph 35.

36. T-Mobile denies the allegations set forth in Paragraph 36.

37. T-Mobile denies the allegations set forth in Paragraph 37.

The Prayer for Relief contained on page 8 of the Amended Complaint is not an allegation and therefore no responsive pleading is required. Should a response be, deemed required, T-Mobile admits that Plaintiff purports to seek damages, but T-Mobile denies that there is any legal or factual basis for any of the relief sought by Plaintiff in its prayer for relief.

To the extent not expressly admitted above, T-Mobile denies each and every allegation in the Complaint and denies that Plaintiff is entitled to any judgment or entitled to any of the various other relief requested.

## DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, T Mobile asserts the following further and affirmative defenses:

## FIRST DEFENSE

Plaintiff's Amended Complaint fails in whole or in part because he lacks standing to pursue some or all of his claims.

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiff's alleged damages are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## EIGHTH DEFENSE

T-Mobile cannot be liable because it had prior express consent to call the phone numbers it in fact did call.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because imposing the TCPA's statutory damages on T-Mobile would violate the Due Process clauses of the Fifth and/or Fourteenth Amendments of the United States Constitution.

**TENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because he did not suffer any cognizable injury as a result of the actions, alleged in the Amended Complaint.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any damages, injury, violation of law, or wrongdoing alleged in the Amended Complaint was caused by third parties' actions for which T-Mobile cannot be held liable.

**TWELFTH DEFENSE**

Any claim by Plaintiff for treble damages is barred because T-Mobile did not engage in any knowing or willful misconduct.

**THIRTEENTH DEFENSE**

Plaintiff's claims fail because T-Mobile did not use an automatic telephone dialing system to place calls.

**FOURTEENTH DEFENSE**

Plaintiff's claims fail because T-Mobile did not make calls using an artificial or prerecorded voice.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred by the parties' agreements to arbitrate their disputes, which are set forth in the parties' contracts.

**SIXTEENTH DEFENSE**

Plaintiff's claims, as set forth in the parties' contracts, are barred by the parties' agreement that court or arbitration proceedings between the parties will only be conducted on an individual basis and not in a class or representative action, meaning Plaintiff cannot serve as class representative or participate in a class action.

**SEVENTEENTH DEFENSE**

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 to maintain a class action.

**EIGHTEENTH DEFENSE**

Putative class members who are or were T-Mobile customers consented to receiving the calls at issue here. T-Mobile will assert their consent both in opposition to class certification and as a defense if a class is certified.

**NINTEENTH DEFENSE**

Putative class members who are or were T-Mobile customers contractually agreed to arbitrate these claims with T-Mobile. T-Mobile will assert their arbitration agreements both in opposition to class certification and as a defense if a class is certified.

**TWENTIETH DEFENSE**

To the extent unnamed class members are or were T-Mobile's customers, they have contractually agreed that court or arbitration proceedings between the parties will only be conducted on an individual basis and not in a class or representative action, meaning these unnamed class member customers cannot serve as class representatives or participate in a class action. Although these unnamed class members are not currently before the Court, T-Mobile will assert their class-action waiver agreements in opposition to class certification, and if a class is certified, T-Mobile will assert these waivers as a defense.

**TWENTY-FIRST DEFENSE**

The above defenses and affirmative defenses are based on the facts and information currently known to T-Mobile. T-Mobile reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered.

**TWENTY-SECOND DEFENSE**

At this juncture, no class has been certified and putative class members are not before the court. T-Mobile reserves its right to assert any and all available defenses against class members in the event that a class is certified.

RELIEF REQUESTED

WHEREFORE, T-Mobile prays for judgment as follows:

1. Dismissal of the Amended Complaint in its entirety with prejudice;

2. Denial of class certification;

3. That Plaintiff take nothing by the Amended Complaint, and that judgment be entered against Plaintiff and in favor of T-Mobile;

4. That T-Mobile be awarded its costs of suit and reasonable attorney's fees; and

5. That the Court award T-Mobile such other and further relief as the Court deems just and proper.

DATED: December 27, 2012    LISA GILFORD
CHRISTINE J. ROBERTS
**ALSTON & BIRD LLP**

/s/ Christine J. Roberts
CHRISTINE J. ROBERTS
Attorney for Defendant
**T-MOBILE USA, INC.**

**CERTIFICATE OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 333 South Hope Street, 16th Floor, Los Angeles, CA 90071-1410.

On December 27, 2012, I served the following document(s): **DEFENDANT T-MOBILE USA, INC'S ANSWER TO THE FIRST AMENDED COMPLAINT** on the following parties in case 3:12-CV-02169-BTM-NLS via either Notice of Electronic Filing generated by the Court's CM/ECF system, pursuant to the Court's local rules, or by U.S. First Class Mail, postage prepaid, as indicated on the attached service list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Christine J. Roberts
Attorney for Defendant

ABOUDI V. T-MOBILE USA, INC.
Case No. 12-CV-2169 BTM NLS

SERVICE LIST

| | |
|---|---|
| **Todd M. Friedman** | **Served via ECF** |
| Law Offices of Todd M. Friedman, P.C. | |
| 369 South Doheny Drive | Attorney for Plaintiff |
| Suite 415 | |
| Beverly Hills, CA 90211 | Telephone: (877) 206-4741 |
| | Fax: (866) 633-0228 |
| | Email: tfriedman@AttorneysForConsumers.com |
| **Nicholas J. Bontrager** | **Served via US Mail** |
| Law Offices of Todd M. Friedman, P.C. | |
| 369 South Doheny Drive | Attorney for Plaintiff |
| Suite 415 | |
| Beverly Hills, CA 90211 | Telephone: (877) 206-4741 |
| | Fax: (866) 633-0228 |
| | Email: nbontrager@AttorneysForConsumers.com |
| **L. Paul Mankin, IV** | **Served via US Mail** |
| Law Offices of L. Paul Mankin, IV | |
| 8730 Wilshire Blvd, Suite 310 | Attorney for Plaintiff |
| Beverly Hills, CA 90211 | |
| | Telephone: (800) 219-3577 |
| | Fax: (866) 633-0228 |