**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com

[Additional Counsel Listed on Signature Page]
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAN ABOUDI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br><br>          vs. <br><br><br> T-MOBILE USA, INC., et seq., <br><br> Defendant. | Case No. 3:12-cv-02169-BTM-NLS <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> **Date:  March 18, 2015** <br> **Time: 10:00am** <br><br> **Hon. Barry T. Moskowitz** <br><br> **[Oral Argument Requested]** |

*///*

*///*

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………..………….1

II.     ACCORDINGLY, PLAINTIFF MOVES THE COURT FOR AN ORDER
        PRELIMINARILY  APPROVING  THE  PROPOSED  SETTLEMENT,
        PROVISIONALLY  CERTIFYING  THE  CLASS  PURSUANT  TO
        FEDERAL RULE OF CIVIL PROCEDURE 23(B)(3) ("RULE 23(B)(3)")
        FOR  SETTLEMENT  PURPOSES,  DIRECTING  DISSEMINATION  OF
        CLASS  NOTICE,  APPOINTING  CLASS  COUNSEL  AND  A  CLASS
        REPRESENTATIVE,  AND  SCHEDULING  A  FINAL  APPROVAL
        HEARING…………………………………………………………3

        A.      FACTUAL BACKGROUND……………………….................3

III.    PROCEDURAL HISTORY……………………………………………3

IV.     THE SETTLEMENT…………………………………………………6

        A.      THE SETTLEMENT CLASS……………………..…………6

                1.      CLASS DEFINITION………………………………..6

                2.      CLASS MEMBERSHIP DETERMINATION………....……7

        B.      SETTLEMENT BENEFITS TO THE CLASS……………..……7

        C.      CLAIMS PROCESS……………………….………....………8

        D.      CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE
                AWARD…………………………………………..………..9

        E.      CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES,
                COSTS, AND EXPENSES…………………………..………..9

V.      ARGUMENT………………………………………..……………10

A.   PRELIMINARY APPROVAL OF THE PROPOSED
     SETTLEMENT SHOULD BE GRANTED………………………10

     1.   THE PARTIES AND HON. HERBERT HOFFMAN (RET.)
     AGREE THAT LIABILITY IS HIGHLY CONTESTED AND
     BOTH SIDES FACE SIGNIFICANT CHALLENGES IN
     LITIGATING THIS CASE…………………………………..……13

     2.   THE SETTLEMENT RESULTS IN AN EXCELLENT AND
     SUBSTANTIAL BENEFIT TO THE CLASS……………………15

     3.   THE SETTLEMENT BENEFITS TO THE CLASS FAR
     EXCEED NUMEROUS APPROVED TCPA CLASS ACTION
     SETTLEMENTS………………………………………………..16

     4.   THE SETTLEMENT WAS REACHED AS THE RESULT
     OF ARMS-LENGTH NEGOTIATION, WITHOUT COLLUSION,
     WITH THE ASSITANCE OF HON. HERBERT HOFFMAN
     (RET.)……………………………………………...………………19

     5.   EXPERIENCED COUNSEL HAVE DETERMINED THAT
     THE SETTLEMENT IS APPROPRIATE AND FAIR TO THE
     CLASS……………………………………………….…………..20

B.   THE COURT SHOULD PRELIMINARILY CERTIFY THE
     CLASS FOR PURPOSES OF SETTLEMENT ONLY….………..20

     1.   THE PROPOSED CLASS IS NUMEROUS………….……21

     2.   THE COMMONALITY REQUIREMENT IS SATISFIED
     BECAUSE COMMON QUESTIONS OF LAW AND FACT
     EXIST………………………………………………..………22

     3.   THE TYPICALITY REQUIREMENT IS MET………..…23

4.      THE ADEQUACY REQUIREMENT IS SATISFIED……23

5.      COMMON QUESTIONS OF PREDOMINATE, SUFFICIENT TO CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY……………………………………….….…24

6.      CLASS TREATMENT FOR SETTLEMENT PURPOSES IS SUPERIOR TO INDIVIDUAL RESOLUTIONS…………..……25

C.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE…………………………………………....……26

D.   THE COURT SHOULD APPOINT THE CLASS REPRESENTATIVE AND APPOINT CLASS COUNSEL…....…29

E.   THE COURT SHOULD APPOINT KURTZMAN CARSON CONSULTANTS LLC AS THE CLAIMS ADMINISTRATOR…30

F.   A FINAL APPROVAL HEARING SHOULD BE SCHEDULED.30

VI.   CONCLUSION………………………………………....…………31

## MEMORANDUM AND POINTS OF AUTHORITIES

## I.    INTRODUCTION

Plaintiff, SAYAN ABOUDI (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below) hereby submits his Amended Motion for preliminary approval (the "Amended Motion") of the proposed settlement (the "Settlement") of this action (the "Action").[1]   Defendant T-MOBILE USA, INC. (hereinafter referred to as "Defendant" or "TMUS") does not oppose Plaintiff's Amended Motion.  The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Agreement") filed herewith as Exhibit 1.[2]   The proposed settlement is fair, adequate, reasonable, and falls within the range of approval. Plaintiff thus asks that the Court preliminarily approve the Settlement.

The Parties participated in multiple mediation sessions, including a two-day mediation session on May 16 and 17, 2013, before Judge Herbert B. Hoffman (Ret.) that resulted in a settlement of Plaintiff's claims.  On July 17, 2014, a hearing was held on Plaintiff's motion for preliminary approval of that settlement.  The Court denied preliminary approval, raising concerns regarding certain aspects of the Settlement.  The Parties conducted a third full-day mediation before Judge Hoffman on September 11, 2014.  The purpose of this additional mediation was to negotiate modifications to the Settlement to address the Court's concerns regarding the Parties' initial settlement.

The mediation was successful, and the Parties have now modified the Settlement to address the Court's previously stated concerns.  More specifically:

---

[1]  Plaintiff and Defendants are collectively referred to as the "Parties."
[2]  Unless otherwise specified, defined terms used in this Memorandum are intended to have the meaning ascribed to those terms in the Agreement.

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

- The Parties have increased the amount of the settlement benefit available to Qualified Class Members. Under the Settlement, Qualified Class Members can now recover a Settlement Benefit of up to $500; and

- Class Counsel has reduced the amount of attorneys' fees they will seek in connection with the Settlement.  Class Counsel has agreed to limit its attorneys' fees request to 25% of the Settlement Fund paid out by Defendant or $990,000, whichever is less.

Although Plaintiff and Class Counsel believe in the merits of the claims asserted in this Action, they have determined that the proposed Settlement provides significant benefits to the Class Members and is in the best interests of the Class. Plaintiff and Class Counsel also believe that the Settlement is appropriate because Plaintiff and Class Counsel recognize the expense and amount of time required to continue to pursue the Action.  Plaintiff conducted significant discovery before negotiating this Settlement, including a deposition of Defendant's expert and the review of numerous documents produced by Defendant.  Based on this discovery, Plaintiff and Class Counsel recognize that uncertainty, risk, and difficulties of proof exist here that are inherent in prosecuting such claims on a class-wide basis. Similarly, as evidenced by the Agreement, Defendant believes it has substantial and meritorious defenses to Plaintiff's claims, but has determined that it is desirable to settle the Action on the terms set forth in the Agreement.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

II. **ACCORDINGLY, PLAINTIFF MOVES THE COURT FOR AN ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, PROVISIONALLY CERTIFYING THE CLASS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(B)(3) ("RULE 23(B)(3)") FOR SETTLEMENT PURPOSES, DIRECTING DISSEMINATION OF CLASS NOTICE, APPOINTING CLASS COUNSEL AND A CLASS REPRESENTATIVE, AND SCHEDULING A FINAL APPROVAL HEARING.**

   A. **Factual Background**

   In his class action complaint ("Complaint"), Plaintiff alleges that from September 4, 2008 to September 4, 2012 (the "Class Period"),[3] Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* ("TCPA") by placing autodialed calls to the cellular telephones of persons without "prior express consent," using an "automatic telephone dialing system." Plaintiff contends he and the Class are entitled to statutory damages pursuant to the TCPA. Defendant has denied and continues to deny that it violated the TCPA, and denies any and all alleged wrongdoing or liability against it in the Action.

III. **PROCEDURAL HISTORY**

   Plaintiff Sayan Aboudi filed the Complaint on September 4, 2012 asserting claims under the TCPA. (Dkt. No. 1.) In the Complaint, Plaintiff asserts causes of action for negligent and intentional violations[4] of the TCPA, and based on those allegations, seeks $500 for each negligent violation and $1,500 for each intentional violation. Plaintiff's claims were brought on behalf of a class of individuals in the United States who received collection calls on their cellular phones from

---

[3]   The TCPA's statute of limitations period runs for four years preceding the filing of the original Complaint.

[4]   Under the TCPA, a violation consists of a single call made that is prohibited under the statute. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Defendant during the Class Period made through the use of an automatic telephone dialing system and artificial or prerecorded voice and who did not consent to such calls.  (Dkt. No. 1).

On September 28, 2012, Defendant answered and denied all of the allegations and liability.   (Dkt. No. 4.).  The parties engaged in an Early Neutral Evaluation (ENE) with Hon. Magistrate Judge Stormes on November 5, 2012 and appeared for a Case Management Conference on January 18, 2013.

From that time to the present, the Parties engaged in significant discovery. Defendant provided extensive information and voluminous documents and data to Plaintiff, including dialer records reflecting calls T-Mobile placed to Plaintiff and putative class members.  The dialer records produced by T-Mobile were analyzed by a third-party expert engaged by Plaintiff.   The Parties also participated in numerous direct discussions about possible resolution of this litigation.   After engaging in initial discovery, the Parties participated in a two-day mediation with the Hon. Herbert Hoffman on May 16-17, 2013.  With Judge Hoffman's guidance, the parties reached a proposed settlement in principle on May 17, 2013. Declaration of Todd Friedman, attached hereto as Exhibit 2, ¶¶2-4.

Between May 17, 2013 and January of 2014, the parties remained active in conducting confirmatory discovery, including the production of additional voluminous documents and a deposition of T-Mobile's expert witness in Seattle, Washington.   The Parties also discussed and prepared all required documents necessary to submit the initial application seeking preliminary approval, including but not limited to preparing all attached documents to Plaintiff's initial motion for preliminary approval.  Friedman Decl. ¶2-4, 6.

On July 17, 2014, this Honorable Court held a hearing on Plaintiff's motion for preliminary approval with counsel for both Plaintiff and Defendant present.  At

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

the hearing, the Court graciously facilitated a lengthy and in-depth discussion of the initially proposed settlement, providing the parties with the Court's view of the initially proposed settlement as well as strengths and weaknesses of the claims and defenses while also allowing counsel to present argument as to why the parties believed the initially proposed settlement was fair and adequate.  In doing so, this Court advised the parties of concerns precluding the Court from approving the initially proposed settlement as presented.  Namely, this Court urged the parties to go back to the settlement table and attempt to negotiate a settlement which addressed the Court's concern regarding the previous $90 maximum pay out to each class member. Friedman Decl., Ex. A; Pg. 42-43 ln. 24 to 23.

Immediately following the July 17, 2014 hearing, and specifically with the Court's suggestions and guidance in mind, the parties began expending significant time attempting to negotiate a settlement which would address the Court's concerns.  After extensive discussions, the parties began making headway towards a potentially agreeable new settlement and sought the assistance of Judge Hoffman to help guide the parties towards such a settlement though his guidance, experience and intimate knowledge of the case and settlement negotiations.  As such, the parties appeared before Judge Hoffman on September 11, 2014 for yet another full day mediation session.  Through the parties' cooperative efforts and Judge Hoffman's guidance, the parties were able to reach the instant proposed Settlement, which significantly increases the Class Members' recovery as well as addresses the Court's other concerns addressed at the July 17, 2014 hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## IV.   THE SETTLEMENT

### A.   The Settlement Class.

#### 1.   Class Definition.

The terms "Settlement Class" or "Settlement Class Members" are defined in the Agreement as follows:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial / prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
>
> (a)   Are not current or former T-Mobile customers;
> (b)   Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;
> (c)   Did not consent to receive those calls: and
> (d)   Did not indicate that the call had reached the correct party.

Excluded from the Class are any employees of T-Mobile, its parent, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Action is assigned; and, any member of those Judges' staffs or immediate families.   For purposes of clarification, the Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party collections agency or business placing calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts.   *Agreement* §2.07.

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### 2.  Class Membership Determination

Based on data provided in discovery by Defendant and its counsel and represented to be all available data reflecting the unique cell phone numbers believed to fall in the Settlement Class, the Parties estimate that there are approximately 106,157 unique cellular telephone numbers associated with Settlement Class Members.  Friedman Decl. ¶2-6.  Those numbers were confirmed by confirmatory discovery responses provided by Defendant as well as through the in-person deposition of Defendant's expert witness, Carr Krueger, in December of 2013 in Seattle, Washington.  Friedman Decl. ¶2-6.

### B.  Settlement Benefits to the Class.

The Settlement Agreement provides for up to $5 million in cash benefits (minus Settlement Costs, attorney's fees, and litigation costs) to Qualified Class Members.  T-Mobile will contribute a Minimum Payment of $2.5 million to the Settlement Fund.  Each Qualified Class Member who submits a claim will receive up to a $500.00 payout, <u>which is the statutory maximum for a negligent violation of the TCPA</u>.  The payout for each Qualified Class Member may be reduced on a pro rata basis only if the sum of the amounts paid to Qualified Class Members and Settlement Costs would otherwise exceed the Maximum Payment of $5 million. *Agreement* §5.01-5.02.

Defendant also agrees to pay, by way of the Settlement Fund, Settlement Costs, which include: 1) all costs of administrating the proposed settlement to conclusion; 2) an incentive fee to the Plaintiff (if awarded by the Court) in an amount not to exceed $1,500; 3) litigation costs to Plaintiff's counsel (if awarded by the Court) in an amount not to exceed $100,000; and 4) attorneys' fees to Plaintiff's counsel (if awarded by the Court) which will not exceed $625,000 if Defendant need not contribute more than the $2.5 million Minimum Payment and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

not to exceed $625,000 plus 25% of any cash contribution additional to the $2.5 million Minimum Payment (for example: should Defendant be required to contribute $3 million to the Settlement Fund, Plaintiff's counsel will seek fees not to exceed $750,000 -- $625,000 plus $125,000 or 25% of the $500,000 in excess of the Minimum Payment). *Agreement* §2.29, 5.01-5.02, 6.01-6.02.

C.   **Claims Process.**

All of the Settlement Class Members associated with the approximately 106,157 unique telephone numbers are entitled to make a claim to receive the benefits stated above. *Agreement*, §5.03. The Claims Period will commence after the entry of the Preliminary Approval Order and this Claims Period will remain open to all Class Members to submit a Claim until 30 days after entry of the Final Approval Order. *Agreement*, §7.01(H).   To submit a claim, a Settlement Class Member can timely: (1) call the Claims Administrator via the toll-free telephone number listed in the settlement notices and provide the information required to make a claim; (2) submit a Claim Form online on the Settlement website; or (3) submit a Claim Form by mail.   *Agreement*, §10.02. All the claimant needs to provide is: (1) a name; (2) address; (3) telephone number; and 4) the cellular telephone number on which the claimant answered a Collections Call from T-Mobile between September 4, 2008 and September 4, 2012. The claimant also must attest that the following information (required to establish membership in the Class) is true and correct: (1) I am the person identified in this Claim Form; (2) I am not a T-Mobile customer; (3) I have never been a T-Mobile customer; (4) I answered a Collections Call placed by T-Mobile, either directly or indirectly through a vendor placing calls on T-Mobile's behalf between September 4, 2008 and September 4, 2012; (5) When I answered the call(s), I did not indicate to T-

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Mobile that it had reached the correct party; and (6) I did not consent to receive the call(s) from T-Mobile.

### D.   Class Representative's Application for Incentive Award.

The proposed Settlement contemplates that Class Counsel will ask the Court to award the Class Representative an incentive award in the amount of $1,500. *Agreement* §6.02.   Defendant has agreed not to oppose a request for such an incentive award. *Id.*  Class Counsel believes this modest request is fair, reasonable and is also free of any conditions/contingencies disapproved of by the Ninth Circuit in *Radcliffe v. Experian Information Solutions, Inc.*, 715 F. 3d 1157 (9th Cir. 2013). *See* Decl. of Friedman, ¶10.

### E.   Class Counsel's Application for Attorneys' Fees, Costs, and Expenses.

The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees not to exceed $625,000.  Class Counsel shall also be entitled to apply to the Court for actual expenses incurred by Class Counsel litigating the Action, not to exceed $100,000.  In the event that T-Mobile is required to pay in excess of the $2.5 million Minimum Payment, Class Counsel will move the Court for attorneys' fees not to exceed 25% of the excess sum over the Minimum Payment in addition to the aforementioned $625,000, but in no event shall Class Counsel request an award of attorneys' fees in excess of $990,000. *Agreement* §6.01.   Defendant has agreed not to oppose an application by Class Counsel for such an award of attorneys' fees and costs. *Id.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## V.    ARGUMENT

### A.    Preliminary Approval of The Proposed Settlement Should be Granted.

Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval, dissemination of notice to class members, and a fairness hearing.  *Manual*, §§ 21.632, 21.633, 21.634.

At the preliminary approval stage, the Court must determine whether the settlement is "within the range of reasonableness" to allow notice to the proposed settlement class to be given and a hearing for final approval to be set.  *See Ross v. Trex Co., Inc.*, 2009 WL 2365865, *3 (N.D. Cal. 2009). *See also* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*").  The Court is not required to undertake an in-depth consideration of the relevant factors for final approval.  Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th ed. 2004).

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).  This is especially true in class actions such as this. *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982).  As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims."  *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

To make the preliminary fairness determination, courts may consider several relevant factors, including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See* 5 James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.). Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625. Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual for Complex Litigation* § 21.632, at 321 (4th ed. 2004). This proposed settlement does not contain any of these potential impediments to preliminary approval.

Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).

Based on these standards, Plaintiff respectfully submits (and Defendant does not oppose) that, for the reasons detailed below, the Court should preliminarily approve the proposed Settlement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## 1. The Parties and Hon. Herbert Hoffman (Ret.) Agree that Liability is Highly Contested and Both Sides Face Significant Challenges in Litigating this Case.

Defendant has vigorously contested the claims asserted by Plaintiff in this Action.  Although Plaintiff feels strongly about the merits of his case, there are risks to continuing the Action.  Class Counsel understands, despite its confidence in its positions, that there are uncertainties associated with complex class action litigation and that no one can predict the outcome of the case. If the Action were to continue, Defendant would oppose any class certification motion made by Plaintiff, thereby placing in doubt whether a class could be certified in the Action, and additional substantive challenges to the claims would also be raised.  For example, the Southern District of California recently denied class certification in two (2) TCPA matters.  See *Smith v. Microsoft Corporation*, 297 F.R.D. 464 (S.D.C.A. 2014) and *Connelly, et al. v. Hilton Grand Vacations Company, LLC*, 294 F.R.D. 574 (S.D.C.A. 2013). In considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Class including the significant benefit and the deterrent effects it would have.  Friedman Decl., ¶12.  As a result, Class Counsel supports the Settlement and seeks its Preliminary Approval.  *Id*.

Similarly, Defendant believes that it has strong and meritorious defenses to the action as a whole, as well as to class certification and the amount of damages sought.  Plaintiff and Class Counsel acknowledge that Defendant's defenses on the merits and class certification present risks that justify settlement on the terms proposed in the Settlement Agreement. For example, counsel for Defendant has pointed out that there are several petitions pending before the FCC that could potentially eliminate Plaintiff's and the class's claims. These petitions address two issues relevant to Plaintiff's claims in this case: (i) whether the TCPA applies to

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

calls to "reassigned numbers;" and (ii) whether certain predictive dialers should be considered automatic telephone dialing systems under the TCPA.[5]     As Hon. Herbert Hoffman (Ret.) concluded in his sworn declaration, "[i]f the FCC determines that calls to reassigned numbers do not violate the TCPA or that predictive dialers are not automatic telephone dialing systems as that term is defined in the TCPA, then Plaintiff's and putative class members' claims here will be subject to dismissal."  *See* Decl. of The Honorable Herbert Hoffman ("Hoffman Decl."), attached hereto as Exhibit 3, at 13.

Class Counsel and Plaintiff also acknowledge the risk that certain defenses asserted by Defendant could negatively impact Plaintiff's ability to certify a class in this case.  For example, Defendant contends that some of the putative class members are current or former T-Mobile customers and, accordingly, consented to receive the calls from Defendant and agreed to arbitrate their claims on an individual basis. Defendants also contend that the proposed class is not ascertainable and that there is no administratively feasible methodology to determine membership in the class. Although Class Counsel does not believe these issues are impediments to class certification, they realize the risk these issues present and have taken the risks into account in negotiating the Settlement Agreement.

---

[5]  *See Pet. For Exp. Decl. Ruling*, United Healthcare Services, Inc., CG Docket No. 02-278 at 1 (January 16, 2014) (regarding reassigned numbers); *Petition for Rulemaking,* ACA International, RM-11712, CG Docket No. 02-278, at I (January 31, 2014) (regarding reassigned numbers and the definition of ATDS); *Petition for Expedited Declaratory Ruling and Clarification*, TextMe, Inc., CG Docket No. 02-278, at 7-8 (Mar. 18, 2014) (regarding definition of ATDS); *Petition for Expedited Declaratory Ruling*, Glide Talk, Ltd., CG Docket No. 02-278 at 9 (October 28, 2013) (same); *Petition for Expedited Declaratory Ruling and/or Expedited Rulemaking*, Professional Association for Customer Engagement, CG Docket No. 02-278, at 7 (October 18, 2013) (same); *Petition for Declaratory Ruling*, In re Commc'n Innovators, CG Dkt. No. 02–278, at 5 (June 7, 2012) (same).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The negotiated Settlement is a compromise avoiding the risk that the class might not recover and presents a fair and reasonable alternative to continuing to pursue the Action as a class action for alleged violations of the TCPA. What is more, Hon. Herbert Hoffman (Ret.), who is intimately familiar with the instant litigation as well as the current climate of TCPA litigation as a whole, agrees with the parties.

### 2.    The Settlement Results in an Excellent and Substantial Benefit to the Class.

As set forth above, Defendant will make a minimum payment of $2.5 million and up to a maximum payment of $5 million as part of the Settlement.  As a result, each Settlement Class Member who submits a timely and valid Claim Form will receive payment up to $500.00, <u>which is the maximum statutory recovery for a negligent violation of the TCPA</u>.  In the event that the sum of the Settlement Costs and amounts to be paid to Qualified Class Members exceeds the $5 million maximum payment, which would require an uncharacteristically high claims rate, then the amounts paid to each Qualified Class Member will be reduced pro rata. To make a claim, Class Members must simply: (a) call the Claims Administrator via the toll free telephone number listed in the settlement notices and provide the information required to make a claim; (b) submit a Claim Form online on the Settlement website; or (c) submit a Claim Form by mail.

The settlement award that each Class Member will receive is fair, appropriate, and reasonable given the purposes of the TCPA and in light of the anticipated risk, expense, and uncertainty of continued litigation.  It is well-settled that a proposed settlement may be acceptable even though it amounts to only a small percentage of the potential recovery that might be available to the class members at trial.  *See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221

15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather, the percentage should be considered in light of strength of the claims");   *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) (court-approved settlement amount that was just over 9% of the maximum potential recovery); *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000).

However, the instant Settlement provides each Class Member with up to his or her maximum statutory recovery for a negligent violation of the TCPA.  At the June 17, 2014 hearing on Plaintiff's previous motion for preliminary approval, counsel asked the Court for its n thoughts and opinion on a settlement such as the one now proposed. In response, this Honorable Court stated, "I think it would be pretty impressive because now you're talking up to $500.  People are going to make claims.  It's a little bit -- you know, it's more than five times what the maximum might be [under the previous version of the settlement agreement], number one; number two, you're talking about a settlement fund that will exceed likely-- exceed the 2.5 million minimum amount."  Friedman Decl., Ex. A.

### 3.   The Settlement Benefits To The Class Far Exceed Numerous Approved TCPA Class Action Settlements

As stated *supra*, the Class Member will receive up to $500 as compensation. Such maximum compensation, which is the statutory maximum award for a negligent violation of the TCPA, far exceeds that of similar TCPA class action settlements which have been approved by courts within the Ninth Circuit and California in particular.  *See also*, Decl. of Hoffman, ¶6-9.  Below is a chart of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

thirteen (13) similar TCPA class action settlements which have received approval, including the value to each proposed class member for the respective case.

| Case and No. | Size of Class | Settlement Amount | Value per Class Member |
|---|---|---|---|
| Robles v. Lucky Brand Dungarees, Inc. Case No. 3:10-cv-04846 (NDCA) | 216,000 | $9.9 Million | $100 maximum |
| Adams v. AllianceOne, Inc. Case No. 08-cv-0248 (SDCA) | 5.63 Million | $9 Million | $40 maximum |
| Hartman v. Comcast Business Communications 2:10-cv-00413-RSL (WDWA) | 148,843 | $3.8 Million | $25.53 maximum |
| Hovila v. Tween Brands, Inc. 09-cv-00491-RSL (WDWA) | 100,000 | $5.33 Million Max | $20 Cash; or $45 Gift Certificate |
| Clark v. Payless Shoesource, Inc. 09-cv-00915-JCC (WDWA) | 8 Million | $6.25 Million | $25 Gift Certificate |
| Cubbage v. The Talbots, Inc. 09-cv-00911-BHS | 18,000 | $1.44 Million | $80 Gift Certificate ($40 Cash Value) |

17

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

| (WDWA) | | | |
|---|---|---|---|
| In Re Jiffy Lube 3:11-md-02261 | 2.3 Million | $47 Million | $17.29 Gift Certificate ($12.97 Cash Redemption) |
| Bellows v. NCO Financial 07-cv-1413-W(AJB) (SDCA) | Unknown, but in the thousands | $950,000 | $70 |
| Lemieux v. Global Credit & Collection 08-cv-1012-IEG(POR) (SDCA) | 27,844 | $505,000 | $70 |
| Barani v. Wells Fargo Bank, N.A 3:12-cv-02999-GPC-KSC (SDCA) | 76,189 | $950,000 | Unknown at present |
| Gutierrez v. Barclays Group 10-cv-1012 (SDCA) | 66,100 | | $100 |
| Knutson v. Schwan's Home Service, Inc. 3:12-cv-00964 (SDCA) | 16,691 | | $20 Cash $80 Voucher |

18

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

| Arthur v. Sallie Mae, Inc. 10-cv-0198, (WDWA) | | $24.15 Million | Between $20 and $40 |
|---|---|---|---|

**4.    The Settlement Was Reached As the Result of Arms-Length Negotiation, Without Collusion, With the Assistance of Hon. Herbert Hoffman (Ret.).**

The proposed Settlement is the result of intensive arms-length negotiation, including a two-day long mediation session before the Hon. Herbert B. Hoffman (Ret.), several months of intense negotiations following the mediation and the third full day mediation before Judge Hoffman on September 11, 2014.   The Parties also negotiated through in-person meetings, by email and by telephone, both before and after the mediation session.

The Parties conducted formal and informal discovery as well, including Defendant's production of dialer records from several different databases which were reviewed and analyzed by both parties' expert witnesses.  With the guidance of Judge Hoffman, and working independently of the Court, the Parties were able to reach a resolution of this case.  *Agreement* §1.01-1.04; Friedman Decl. ¶2-6.

Confirmatory discovery was provided to Class Counsel which included the production of additional dialer records and a declaration from Defendant's expert witness.  In addition, Class Counsel took the deposition of Defendant's expert witness in December of 2013 in Seattle, Washington.  Friedman Decl., ¶6. Based upon the voluminous records produced in discovery in addition to the analysis and testimony of experts retained by both parties, Class Counsel is satisfied with the information provided about the estimated number of persons in the Settlement Class and that the estimated number of cell phones called is correct.  Friedman Decl., ¶6.

19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Furthermore, after reaching the initial agreement in principle to settle the case, the Parties' counsel engaged in extensive discussions about the many details regarding the settlement, its terms and how to implement its terms.  That was required to work out the many details surrounding data production, the claims procedure, and how to provide notice.  The time and effort spent on settlement negotiations, as well the time spent with Hon. Herbert Hoffman (Ret.) in the settlement process, are factors that favor preliminary approval of the proposed Settlement, as they strongly indicate there was no collusion.  *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

### 5.   Experienced Counsel Have Determined That the Settlement Is Appropriate and Fair to the Class.

The Parties are represented by counsel experienced in complex class action litigation.  Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection and specifically the TCPA.   Friedman Decl., ¶20-28 Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members.  Friedman Decl., ¶12.

### B.   <u>The Court Should Preliminarily Certify the Class for Purposes of Settlement.</u>

When parties settle a putative class action before a class is certified, a court may conditionally certify the action for settlement purposes.   *See In re Wireless Facilities, Inc.*, 253 F.R.D. 630, 633 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes").  Like any other class certification decision, certification of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

a class for settlement purposes requires a determination that the requirements of Rule 23 are met. *Id.*

Plaintiff seeks certification of the following class for settlement purposes only:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial / prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
>
> (a) Are not current or former T-Mobile customers;
> (b)     Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;
> (c)     Did not consent to receive those calls: and did not indicate that the call had reached the correct party.

As explained below, class certification is appropriate here because the Action meets the requirements of Rule 23(a) and Rule 23(b)(3).

### 1.     The Proposed Class Is Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable. "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.'" *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Here, the data that will be used to provide notice to the Class contains information relating to approximately 106,157 unique cellular telephone numbers associated with Settlement Class Members.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*Agreement* §9.02; Friedman Decl., ¶6.  Thus, the proposed Class is sufficiently numerous for purposes of certifying a settlement class.  *See Miletak v. Allstate Ins. Co.*, 2010 WL 809579, at *10 (N.D. Cal. 2010) ("Generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, [numerosity] has been met").

### 2.    The Commonality Requirement Is Satisfied Because Common Questions of Law and Fact Exist.

The commonality requirement is met if there are questions of law and fact common to the class.  *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").  Here, the proposed Class Members' claims all stem from the same factual circumstances, specifically that autodialed calls were allegedly placed by Defendant to Class Members between September 4, 2008 and September 4, 2012 using autodialing equipment.

Plaintiff's claims also present a number of questions of law that are common to all members of the Class, including: (1) whether Defendant negligently violated the TCPA; (2) whether Defendant willfully or knowingly violated the TCPA; and (3) whether Defendant had "prior express consent" for making the calls at issue. Indeed, this was confirmed recently in a similar TCPA class action in the Southern District of California.  In *Barani v. Wells Fargo Bank, N.A.*, Judge Gonzalo P. Curiel held that, "[h]ere, the proposed Class Members' claims stem from same factual circumstances, in that Wells Fargo sent non-customers  text messages; using an ATDS, without their prior express consent." *Barani*, 3:12-cv-02999-GPC-KSC (Dkt. 22; April 9, 2014).    Further, as in *Barani*, here, the Class Members all seek the same remedy.  Under these circumstances, the commonality

22

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

requirement is satisfied for purposes of certifying a settlement class.  *See Hanlon,* 150 F. 3d at 1019-20.

### 3.    The Typicality Requirement Is Met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  For purposes of settlement, Plaintiff's claims are typical of the claims of the whole class because they arise from the same factual basis – telephone calls placed to Plaintiff and the class using autodialing equipment – and are based on the same legal theory as applies to the Class as a whole – that the calls violated the TCPA.  *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

The Class Representative claims that he was not at the time a T-Mobile subscriber, yet nonetheless was contacted by Defendant on his cellular telephone via an automatic telephone dialing system and never provided Defendant with his "prior express consent" to receive such automated collection calls on his cellular telephone.  *Complaint* (Dkt. No. 1).    Accordingly, the Class Representative's claims are typical of those of the Class Members. Thus, the typicality requirement is satisfied for certifying a settlement class.

### 4.    The Adequacy Requirement Is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Class Members because, for purposes of the Settlement, Plaintiff's claims are typical of those of other Class Members.  *See* Declaration of Sayan Aboudi in Support of Preliminary Approval ("Plaintiff Decl.") ¶3,6-7;  Friedman Decl., ¶29-32   In addition, Plaintiff Sayan Aboudi and Class Counsel have been prosecuting this Action vigorously on behalf of the Class.  Friedman Decl., ¶31

Plaintiff and Class Members share the common goal of protecting and improving consumer and privacy rights throughout the nation, and there is no conflict among them.  Friedman Decl., ¶29-32.  Class Counsel have extensive experience in consumer protection litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including TCPA actions.  Friedman Decl., ¶20-28.  Class Counsel is qualified and able to conduct this Litigation.  Friedman Decl., ¶20-28.  Rule 23(a)(4) is therefore satisfied.

### 5.    Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation."  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'"  *Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), *amended*, 273 F. 3d 1266 (9th Cir. 2001).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Here the central inquiry is whether Defendant violated the TCPA by placing autodialed calls to Plaintiff's and the Class Members' cellular telephones. Considerations of judicial economy favor litigating a predominant common issue once in a class action instead of thousands of times in separate lawsuits. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

### 6. Class Treatment for Settlement Purposes is Superior to Individual Resolutions.

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163. *See also, Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious. " *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citation omitted).

Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification:

- Any class member who wishes to pursue a separate action can opt out of the Settlement.
- The Parties are unaware of any competing litigation regarding the claims at issue.
- The Parties agree that it would be desirable to resolve Plaintiff's claims in this forum.

## C.   <u>The Proposed Method of Class Notice Is Appropriate.</u>

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances.  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. [6]

Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice.  The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

Here, the direct mail notice, publication notice (internet banner advertisements which will appear in approximately 80 million unique online impressions) and the Question and Answer Notice to be posted on the settlement website meet all the requirements. *See* Agreement, Exhibits B, D, and E.  Friedman Decl., ¶13. In addition, the Parties have agreed to provide notice through the formal and lengthy Q & A Notice posted on the Settlement Website which the Claims Administrator will establish and maintain. *See* Agreement, Ex. B.  The Settlement Website will allow visitors to access (and print) a complete copy of the Direct Mail Notice, the Settlement Agreement, and the Q&A Notice form as well as the Preliminary Approval Order and Class Counsel's Motion for Attorneys' fees and Class Representative Incentive Award.  Any Class member will be able to file

---

[6]   Defendant has agreed to bear the responsibility of preparing and serving  the requisite Class Action Fairness Act ("CAFA") Notices pursuant to 28 U.S.C. Section 1715(b).  Agreement, §9.05.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

claims by calling the toll free number, submitting a claim online, or by mailing a claim form they have downloaded from the Settlement Website or received via direct mail, all as set forth in the Notice. *Agreement* §10.02.

Pursuant to the proposed Settlement, Defendant will provide the relevant data containing the 106,157 unique cell numbers to the Claims Administrator within fourteen (14) days of the entry of preliminary approval. *Agreement* §9.02. The data was provided by Defendant and provided to Plaintiff's counsel in discovery and again during the course of confirmatory discovery. The data will be used by the Claims Administrator to do a "reverse look up" and obtain addresses for Direct Mail Notice. *Id*. The Claims Administrator will mail individual Direct Mail Notices via first-class mail to individuals believed to be associated with telephone numbers identified using the data produced by Defendant in discovery within thirty (30) days of entry of preliminary approval. *Agreement* §9.02.

The Claims Administrator will also publish notice in the form of internet banner advertisements that will appear in approximately 80 million unique impressions. (Exhibit E to the Agreement). The banners are to be completed and on display throughout the internet within sixty (60) days of entry of preliminary approval. *Agreement* §9.03.

Furthermore, the notices will be disseminated and also posted on the website sufficiently prior to the Final Approval hearing to give Class members the opportunity to comment on the settlement, or to opt out and preserve their rights as the Settlement provides the Class with ninety (90) days from entry of preliminary approval to object to or opt-out of the settlement and provides the Class until thirty (30) days after final approval to submit a claim. *Agreement* §7.01(H).

This multi-communication notice program was designed to meaningfully reach the largest possible number of Class Members and is consistent with class

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

certification notice plans approved in this Circuit.  *See, e.g. Simpao v. Gov't of Guam*, 369 Fed. Appx. 837, 838 (9th Circuit) (notice plan was "best notice practicable" where direct notice was mailed to class members and supplemented by published notice in multiple media outlets);  *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1126-27 (E.D. Cal. 2009) (direct mailed notice supplemented by published notice in newspapers of general circulation in areas and languages designed to reach potential class members provided "best possible notice" to class members of settlement); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 56-59 (2008) (emailed summary notice directing class members to settlement website satisfied due process requirements).

Here, the mailing of the Direct Mail Notice combined with the publication notice and the posting of the formal Notice in the Q&A form on the website satisfies the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice.  As this Honorable Court confirmed during the June 17, 2014 hearing on Plaintiff's previous motion for preliminary approval, "…there's no doubt that the proposed notice is the best that there is.  I don't have any problem with that."  Friedman Decl., Ex A.

> ### D.  The Court Should Appoint the Class Representative and Appoint Class Counsel.

"[T]wo criteria for determining the adequacy of representation have been recognized.  First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class."  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The adequacy of representation requirement is met here. For settlement purposes, the parties have agreed that the Plaintiff Sayan Aboudi be appointed as the Class

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Representative. *Agreement* §4.01.

The Parties have agreed that Todd M. Friedman, Esq. of Law Offices of Todd M. Friedman, P.C. and L. Paul Mankin, IV of Law Offices of L. Paul Mankin; should be appointed as Class Counsel for all purposes of the Settlement. *Agreement* §4.01.   Plaintiff's counsel all have extensive experience sufficient to be appointed as Class Counsel here.   Atty Decls., ¶¶20-28.   Plaintiff Aboudi understands the obligations of serving as a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel. Plaitniff Decl. ¶ 3,6-7; Atty Decls. ¶29-32.   Plaintiff has no antagonistic or conflicting interests with the Class Members. Plaintiff Decl., ¶6-7; Atty Decls. ¶29-32.   Plaintiff and the Class Members seek the same relief, i.e., damages for Defendant's alleged unlawful actions.   Considering the identity of claims, there is no potential for conflicting interests in this action.

### E.   The Court Should Appoint Kurtzman Carson Consultants LLC as the Claims Administrator.

The Parties have agreed upon and propose that the Court appoint the Kurtzman Carson Consultants LLC ("KCC") to serve as the Claims Administrator. Agreement, §2.06.   KCC specializes in providing administrative services in class action litigation, and has extensive experience in administering similar class action settlements. *See* www.kccllc.com/class-action/what-we-do/.

### F.   A Final Approval Hearing Should Be Scheduled.

The last step in the settlement approval process is the formal fairness or final approval hearing, at which time the Court may hear all evidence and argument, for and against, to evaluate the proposed Settlement.   The Parties request that the hearing be held not before twenty-eight (28) days after the deadline for all class

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

members to opt-out or object to, the Settlement. The proposed Final Approval Order is attached to the Agreement as Exhibit A.

## VI.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests (and Defendant does not oppose) that the Court enter an order preliminarily approving the proposed Settlement, set a date for a Fairness/Final Approval hearing, appoint Plaintiff Sayan Aboudi as Class Representative and appoint Todd M. Friedman, Esq. of Law Offices of Todd M. Friedman, P.C. and L. Paul Mankin, IV of Law Offices of L. Paul Mankin; as Class Counsel for all purposes of the Settlement.


Respectfully submitted this 2nd day of February 2015.

LAW OFFICES OF TODD M. PLAINTIFF, P.C.

By:    /s/ Todd M. Friedman
       Todd M. Friedman


**Law Offices of L. Paul Mankin, IV**
L. Paul Mankin, IV (264038)
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 800-219-3577
Fax: 866-633-0228

*Additional Attorneys for Plaintiff*

31

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**