<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

  This Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is effective as of January 9, 2015, and is entered into by Plaintiff Sayan Aboudi ("Plaintiff"), individually and on behalf of the Settlement Class Members, and by T-Mobile USA, Inc. ("T-Mobile" or "Defendant").  Plaintiff and Defendant are referred to collectively in this Agreement as the "Parties."

## I.  **RECITALS**

  1.01  On September 4, 2012, Plaintiff filed a Complaint in the United States District Court for the Southern District of California (the "Court") entitled *Sayan Aboudi v. T-Mobile USA, Inc.*, Case No. 3:12-cv-02169-BTM-NLS (the "*Aboudi* Action").  The Complaint in the *Aboudi* Action alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to place collections calls to cell phones without the prior express consent of Aboudi and the putative class members.

  1.02  Defendant denies all material allegations of the Complaint and First Amended Complaint filed in the *Aboudi* Action.  Defendant specifically disputes that it called Plaintiff or putative class members without their consent, that it violated the TCPA, and that Plaintiff and putative class members are entitled to any relief from Defendant.  Defendant further contends that the *Aboudi* Action would not be amenable to class certification if class certification were sought by Plaintiff and opposed by Defendant.  Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

  1.03  This Agreement resulted from good faith, arm's-length settlement negotiations, including three full-day mediation sessions before the Hon. Herbert B. Hoffman, Ret.  Prior to those sessions, Defendant provided extensive information and voluminous documents and data to Plaintiff, including dialer records reflecting calls T-Mobile placed to Plaintiff and putative class members.  The dialer records produced by T-Mobile were analyzed by a third-party expert engaged by Plaintiff.  The Parties also participated in numerous direct discussions about possible

2.05   "Claims Deadline" means the deadline by which Class Members must submit claims; claims submitted after the Claims Deadline will not be timely and will not qualify for approval pursuant to Section XI.   The Claims Deadline shall be set by the Court in the Preliminary Approval Order and shall be consistent with Section 7.01.

2.06   "Claims Administrator" shall mean KCC Group.

2.07   "Class" or "Class Members" means all individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial / prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:

(a) Are not current or former T-Mobile customers;

(b) Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;

(c) Did not consent to receive those calls: and

(d) Did not indicate that the call had reached the correct party.

Excluded from the Class are any employees of T-Mobile, its parent, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Action is assigned; and, any member of those Judges' staffs or immediate families.   For purposes of clarification, the Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party collections agency or business placing calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts.

2.08   "Class Counsel" means Todd Friedman of the Law Offices of Todd Friedman, Josh Swigart of Hyde & Swigart, Abbas Kazerounian, of the Kazerouni Group, APC, and Paul Mankin of the Law Offices of Paul Mankin.

2.09   "Class Period" means September 4, 2008 to September 4, 2012.

2.10   "Class Representative" means Plaintiff Sayan Aboudi.

2.11   "Collections Calls" means calls placed by T-Mobile, either directly or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, with the intention of or for the purpose of collecting on a past due account owed to T-Mobile.

2.12    "Court" shall mean the United States District Court for the Southern District of California and the U.S. District Judge to which the Action is assigned.

2.13    "Effective Date" means the date when the Judgment has become final as provided in Section XIV.

2.14    "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

2.15    "Final Approval Order" means the Court's Order entered in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit A.

2.16    "Final Distribution Date" means the date set forth in Section 8.04.

2.17    "Funding Date" means the date which is no later than ten (10) business days after the Effective Date, on which Defendant shall cause a payment to be made into the Settlement Fund Account pursuant to Section V.

2.18    "Maximum Payment" means a total payment of no more than Five Million Dollars ($5,000,000), inclusive of the Minimum Payment, that Defendant may be required to make pursuant to this Agreement.  The Maximum Payment shall be made as set forth in Section 5.01, and under no circumstances shall Defendant be required to pay any amount in excess of $5,000,000 (inclusive of the Minimum Payment) in order to resolve the Action.

2.19    "Minimum Payment" means a payment of Two Million Five Hundred Thousand Dollars ($2,500,000) that shall be made by Defendant to resolve the Action.  The Minimum Payment shall be made as set forth in Section 5.01.

2.20    "Notice" means the notices to be provided to Class Members as set forth in Section 9, including, without limitation, the Q & A Notice (sometimes called the "Long Form Notice") to be posted on the Settlement Website as set forth in Section 9.01, the direct mail notice to certain Class Members as provided for in Section 9.02, and the publication notice provided for in Section 9.03.  The forms of the Q and A Notice, the press release, the direct mail notice, and the publication notice are attached hereto as Exhibits B, C, D, and E respectively.

2.21    "Objection Deadline" means the deadline for Settlement Class Members to file and serve objections to the settlement pursuant to Section 12.02; objections filed and served after

4

the Objection Deadline will not be timely and will not be considered. The Claims Deadline shall be set by the Court in the Preliminary Approval Order and shall be consistent with Section 7.01.

2.22   "Opt Out Deadline" means the deadline for Class Members to opt out pursuant to Section 12.01; attempts to opt out after the Opt-Out Deadline will not be timely and will not be effective. The Opt Out Deadline shall be set by the Court in the Preliminary Approval Order and shall be consistent with Section 7.01.

2.23   "Preliminary Approval Order" means the Court's Order entered in connection with the Preliminary Approval Hearing, preliminarily approving this Agreement and the settlement, substantially in the form attached as Exhibit F.

2.24   "Q&A Notice" or "Long Form Notice" means the long-form Question & Answer form notice containing questions and answers relating to the terms of the settlement, which will be made available on the Settlement Website as described in Section 9.01, the form of which is attached hereto as Exhibit B.

2.25   "Qualified Class Member" means a Settlement Class Member who submits a claim for monetary relief that meets the requirements of Section 10.3 and is approved pursuant to Section 11.01.

2.26   "Released Claims" means those claims released in Section XVI.

2.27   "Released Parties" means: (i) T-Mobile and its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives; and (ii) the outsourced vendors that T-Mobile utilized to place Collections Calls to the Settlement Class and their respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives. "Released Parties" does not include any third-party collection agency or business to which T-

Mobile referred, assigned, or sold customer accounts during the Class Period and which placed calls to the Settlement Class on its own behalf in an attempt to collect debts owed on T-Mobile accounts ("Third Party Calls").

2.28   The "Settlement Class" or "Settlement Class Members" means those persons who are members of the Class, as set forth in the Class definition in Section 2.07 above, and who do not timely and validly request exclusion from the Settlement Class.

2.29   "Settlement Costs" means all costs incurred in the Action by the Class and Class Counsel, including but not limited to expert witness fees, costs of settlement administration and notice, any attorneys' fees awarded to Class Counsel by the Court, any incentive fee awarded to Plaintiff by the Court, fees of a special master for settlement approval should one be appointed by the Court, and any taxes or tax-related expenses incurred by or in connection with the creation of the Settlement Fund.

2.30   "Settlement Fund" shall mean the funds to be paid by Defendant pursuant to Section 5.01 below.

2.31   "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 9.01.

2.32   "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rulings promulgated under it.

2.33   "T-Mobile" means T-Mobile USA, Inc.

### III.   BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT

3.01   Defendant's Position on the Conditional Certification of Settlement Class. Defendant denies that Plaintiff's claims could be certified as a class action if this case were to proceed in litigation.  Defendant contends, among other deficiencies, that Plaintiff's proposed class is not ascertainable, that individual issues predominate over any common ones, and that a class action would be neither superior nor manageable.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and agrees to certification of the Class defined in Section 2.07, for *settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3).  Preliminary certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class would be appropriate.

6

Moreover, Defendant reserves the right to challenge class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, then Defendant's agreement to certification of the Class *for settlement purposes only* will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant. No agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

     3.02   Plaintiff's Belief in the Merits of Case. Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted. If this Settlement is not finally approved by the Court for any reason whatsoever, Plaintiff shall maintain his right to fully litigate this Action both individually and on behalf of the putative class seeking the maximum damages allowed pursuant to the law/s alleged in the operative pleadings, including but not limited to continuing any and all efforts towards class certification.

     3.03   Both Parties Recognize the Benefits of Settlement. Both Parties recognize and acknowledge the expense and amount of time that would be required to continue to pursue the Action, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting and/or defending such claims. Both Parties have concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and is in the best interests of individual Class Members.

## IV.    CLASS COUNSEL AND CLASS REPRESENTATIVES

     4.01   Class Representative And Class Counsel Appointment. For settlement purposes, and subject to Court approval, the Parties agree to the appointment of Sayan Aboudi as Class

Representative for the Class.  For settlement purposes, and subject to Court approval, the Parties agree to the appointment of Class Counsel for the Settlement Class as follows: the Law Offices of Todd M. Friedman, P.C., Hyde & Swigart, the Kazerouni Group, APC, and the Law Offices of Paul Mankin.

## V.   **SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

5.01   Total Payment/Amount Paid Per Approved Claim.  T-Mobile shall pay $2,500,000 (the "Minimum Payment") to settle the Action and obtain a release of all Released Claims in favor of Defendant and the Released Parties.  The Minimum Payment shall be used to pay Settlement Costs and amounts to be paid to Qualified Class Members under Section XI of the Agreement in the manner set forth in Section 8.04 herein.   After the Settlement Costs are deducted from the Minimum Payment, the remaining amount shall be used to pay each Qualified Class Member $500.  If the amount remaining after Settlement Costs are deducted from the Minimum Payment is insufficient to pay each Qualified Class Member $500, T-Mobile will pay additional amounts into the Settlement Fund as required to pay the Settlement Costs and $500 to each Qualified Class Member; provided, however, that T-Mobile will under no circumstances pay more than a total of $5,000,000 (the "Maximum Payment"), inclusive of the Minimum Payment.

In the event the sum necessary to pay Settlement Costs and pay $500 to each Qualified Class Member exceeds the Maximum Payment, then the amounts paid to each Qualified Class Member shall be reduced *pro rata* as required to ensure that the sum of the Settlement Costs and amounts to be paid to Qualified Class Members equals, but does not exceed, the Maximum Payment.

If the sum of the Settlement Costs and amounts to be paid to Qualified Class Members does not equal or exceed the Minimum Payment, then the difference between the Minimum Payment and the sum of the Settlement Costs and amounts to be paid to Qualified Class Members shall be distributed to one or more *cy pres* recipients that are agreed upon by the Parties and approved by the Court (as set forth in Section 8.04 herein).  In no event shall a Qualified Class Member receive more than $500.

8

5.02   Qualifying for Payment. Settlement Class Members shall be entitled to submit a claim for a monetary payment pursuant to the process set forth in Section X.   To qualify for payment, a claim must be timely submitted and must meet the requirements for an Approved Claim set forth in Section 10.03 and must be approved for payment under Section 11.01.

## VI.   ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

6.01   Attorneys' Fees and Costs.   Class Counsel will move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.   Class Counsel agrees that their request for attorneys' fees will not exceed $625,000 and their request for actual expenses incurred by Class Counsel litigating the Action will not exceed $100,000, provided that T-Mobile is not required to pay in excess of the $2,500,000 Minimum Payment to the Settlement Fund.   In the event that T-Mobile is required to pay in excess of the $2,500,000 Minimum Payment, Class Counsel will move the Court for attorneys' fees not to exceed 25% of the excess sum over the Minimum Payment in addition to the aforementioned $625,000, but in no event shall Class Counsel request an award of attorneys' fees in excess of $990,000.   Defendant will not object to any request by Class Counsel for attorneys' fees or actual expenses that is consistent with this Section.   Class Counsel further agrees that if the Court awards attorneys' fees in an amount greater than that requested, then Class Counsel will not accept any amount greater than requested but will instead allow the excess fees to remain in the Settlement Fund.   Class Counsel likewise agrees that if the Court awards expenses in an amount greater than $100,000, then Class Counsel will not accept any amount above $100,000 but will instead allow the excess expenses to remain in the Settlement Fund.   The amount of any attorneys' fees and expenses approved by the Court shall be paid from the Settlement Fund and not in addition thereto. Within five business (5) days of the Funding Date and after receipt of payees completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees and expenses awarded to Class Counsel by the Court, in the manner directed by written instructions from Class Counsel.

6.02   Payment to Class Representatives.   Plaintiff/Class Representative will move the Court for an incentive award to the Class Representative for the time and effort he has personally invested in this Action.   Plaintiff/ Class Representative agrees that his request for an incentive

award will not exceed $1,500. Defendant will not object to any request by Plaintiff/ Class Representative for an incentive award that is consistent with this Section. Plaintiff/ Class Representative further agrees that if the Court awards an incentive award in an amount greater than $1,500, then Plaintiff/ Class Representative will not accept any amount above $1,500 award but will instead allow the excess award to remain in the Settlement Fund. The amount of any incentive award approved by the Court shall be paid from the Settlement Fund and not in addition thereto. Within five (5) business days of the Funding Date and after receipt of payee's completed W-9 form, the Claims Administrator shall pay to Plaintiff's counsel any incentive award granted by the Court, in the manner directed by written instructions by Class Counsel, and Class Counsel shall disburse such funds to the Class Representative.

6.03    Settlement Independent of Award of Fees, Expenses, and Incentive Payments. The payments of attorneys' fees, expenses, and incentive payments set forth in Sections 6.01 and 6.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Class Members. This settlement is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff. In the event the Court approves the settlement but declines to award Class Counsels' fees and expenses or incentive award in the amount requested by Class Counsel, the settlement will nonetheless be binding on the Parties and the Settlement Class Members.

## VII.    PRELIMINARY APPROVAL

7.01    Order Of Preliminary Approval. As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit F. Pursuant to the motion for preliminary approval, the Plaintiff will request that the Court:

A.    Conditionally certify the Class for settlement purposes only;

B.    Conditionally appoint Class Counsel as counsel for the Class for settlement purposes only and conditionally appoint Plaintiff as the Class Representative;

C.    Preliminarily approve the settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

D.      Approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

E.      Authorize dissemination and publication of the Notice to the Class consistent with the notice program;

F.      Approve the claim form (in the form attached hereto as Exhibit G);

G.      Set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

H.      Set appropriate deadlines, including the Claims Deadline (thirty (30) days after entry of the Final Approval Hearing), the Objection Deadline (ninety (90) days after entry of the Preliminary Approval Order), the Opt-Out Deadline (ninety (90) days after entry of the Preliminary Approval Order), and deadlines for filing papers in connection with the Final Approval Hearing; and

I.      Enjoining all Class Members from prosecuting separate actions against Defendant asserting any of the claims alleged in the Action.

## VIII.    ADMINISTRATION AND NOTIFICATION PROCESS

8.01    Third-Party Claims Administrator. The Claims Administrator shall be responsible for all matters relating to the administration of this settlement, as set forth herein.  Those responsibilities include, but are not limited to, giving notice, setting up and maintaining the settlement website and toll-free telephone number, fielding inquiries about the settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any claim form where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.  The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

8.02    Payment of Notice and Claims Administration Costs.  Defendant shall pay the reasonable costs of notice and settlement administration that are incurred prior to the creation of the Settlement Fund, and Defendant will be given credit for any such payments in funding the Settlement Fund.  The Claims Administrator shall provide an estimate of the amount of costs

11

required to provide notice, establish the settlement website, and establish a toll-free telephone number, as well as any other initial administration costs to the Parties.   Defendant shall pay the estimated amount to the Claims Administrator within ten (10) business days after the entry of the Preliminary Approval Order.   After that upfront payment of administration costs by Defendant, the Claims Administrator shall bill Defendant monthly for the reasonable additional costs of settlement administration, until such time as the Settlement Fund is established.   Any amounts paid by Defendant for the estimated costs of administration that are not incurred by the Claims Administrator shall be used for other administration costs, or shall be deducted from future billings by the Claims Administrator.   The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the settlement and shall provide those to the Parties monthly.   At such time that Defendant funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Defendant shall be deducted from the Minimum Payment that Defendant is required to pay to create the Settlement Fund.   After Defendant has created the Settlement Fund and paid out the Minimum Payment required under this settlement, Defendant shall have no further obligation to pay any amount under this settlement (except to the extent required under Section 5.01), and any additional Settlement Costs shall be paid out of the Settlement Fund.

     8.03   <u>Payment for Approved Claims and Remaining Settlement Costs.</u>   Within ten (10) business days after the Effective Date (the "Funding Date"), Defendant shall provide funds to the Claims Administrator in an amount equal to the difference between what has been paid to the Claims Administrator to that date and the full amount of the $2,500,000 Minimum Payment, subject to the terms of this Agreement.   The Settlement Fund shall be maintained in an interest bearing account at Bank of America.

     8.04   <u>Distribution of the Settlement Fund.</u>   The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

            (a)   First, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay taxes and tax-related expenses, if any, or, at the Claims Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-

related expenses as described in Section XIX;

(b)     Next, no later than five (5) business Days after the Funding Date, the Claims Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 6.02;

(c)     Next, no later than five (5) Business Days after the Funding Date, the Claims Administrator shall pay to Class Counsel any award of attorneys' fees, costs, or expenses ordered by the Court, as described in Section 6.01;

(d)     Next, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration;

(e)     Next, no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay monetary benefits to Qualified Class Members pursuant to Section 5.02 and Section X;

(f)     Finally, on the Final Distribution Date, which is the earlier of (i) the date as of which all the checks to Qualified Class Members for monetary benefits have been cashed or (ii) 210 days after the date on which the last check to a Qualified Class Member for monetary benefits was issued, the Claims Administrator shall pay any amount remaining in the Settlement Fund Account from uncashed settlement checks to one or more *cy pres* recipients that are agreed upon by the Parties and approved by the Court.

## IX. NOTICES

9.01     <u>Settlement Website</u>. No later than fourteen (14) days after entry of the Preliminary Approval Order, the Claims Administrator shall:

(a)     Create a settlement website in both English and Spanish, which shall be operative no later than the first date that the Class publication notice is published and which shall contain downloadable copies of the Preliminary Approval Order, Long

13

Form Notice, Settlement Agreement, claim form, and when filed, Class Counsel's motions for an attorneys' fees and expenses award and for an incentive fee for the Class Representative.

(b) Post on the settlement website a Long Form Notice substantially in the form attached hereto as Exhibit B which shall set forth in a question and answer format the details of the settlement and the rights of Class Members to participate in the settlement, exclude themselves, or object to the settlement.

(c) Post on the settlement website any subsequent notices agreed to by the Parties, and rulings issued by the Court.

9.02    Notice to Class – Direct Mail Notice to Certain Class Members.

(a) No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall deliver to the Claims Administrator telephone numbers that are believed to be associated with certain individuals who are potential Class Members. The Claims Administrator shall use a reverse look up data base to obtain addresses that are believed to belong to those potential Class Members.

(b) No later than thirty (30) days after entry of the Preliminary Approval Order, the Claims Administrator shall provide notice by first class postcard to the addresses obtained through the process set forth above. The notice shall be substantially in the form set forth as Exhibit D, provided, however, that the Parties shall have the discretion to make agreed-upon non-material minor revisions to the notice before mailing it.

9.03    Notice to Class – Publication. Publication notice substantially in the form of Exhibit E hereto shall also be published in Internet banner advertisements. The notice will appear in approximately 80 million unique impressions within sixty (60) days after entry of the Preliminary Approval Order. The banners will provide for click through access to the Settlement Website.

14

9.04    Toll Free Telephone Number.  No later than fourteen (14) days after entry of the Preliminary Approval Order, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the settlement.  That telephone number shall be maintained until sixty (60) days after the Claims Deadline.  After that time, and for a period of 90 days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the settlement may be reviewed on the dedicated settlement website.

9.05    CAFA Notice.   Defendant shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion.

## X.    CLAIMS PROCESS

10.01    Potential Claimants.   Each Class Member who does not timely and validly request exclusion from the settlement as required in this Agreement shall be a Settlement Class Member, entitled to make a claim and bound by this release.  Each Settlement Class Member shall be entitled to make only one claim regardless of the number of calls made to that Settlement Class member's wireless telephone number(s).

10.02    How to Make a Claim.  In order to make a claim, a Settlement Class Member must either:  (a) submit a claim by calling the toll-free number; (b) submit a claim online at the Settlement Website; or (c) submit the completed claim form downloaded from the Settlement Website to the Claims Administrator, by mail or otherwise.  All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice.  Any claim form postmarked after the Claims Deadline shall be deemed untimely and an invalid claim.

10.03    Requirements for Approval.  To obtain a monetary benefit, a Settlement Class Member must, in addition to following the procedures set forth in Section 10.02, provide sufficient information to confirm their membership in the Settlement Class.  Specifically, the Settlement Class Member must provide the wireless telephone number at which he/she received the Collections Calls at issue, and must also sign the claim attesting that he/she: (i) is not a current or former T-Mobile customer; (ii) did not indicate that the Collections Call reached the correct party; and (iii) did not consent to receiving the Collection Call.  A Settlement Class

15

Member must also provide a current address to which the Settlement Benefit may be mailed. If a Settlement Class Member submits a claim and qualifies for a monetary payment, he or she is a "Qualified Class Member."

## XI.   CLAIM REVIEW PROCESS

11.01   Review of Claims. Each Settlement Class member who does not exclude himself or herself from the class and who makes a timely claim shall have their claim reviewed by the Claims Administrator. The Claims Administrator shall review the claims and will make all determinations regarding the sufficiency and validity of Claims Forms. If necessary, the Claims Administrator will consult with Class Counsel and Defendant's counsel to answer any questions or resolve any disputes that arise regarding the validity of claims forms.

11.02   Mailing of Settlement Check. Settlement checks shall be sent to Qualified Class Members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date. If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by (a) the Claims Administrator may check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose settlement check is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from Class Members. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) days after it is issued. Any funds not paid out as the result of uncashed settlement checks shall be paid out as a *cy pres* award, to one or more recipients agreed to by the Parties and approved by the Court, as set forth in Section 8.04 (f), if and when that occurs.

## XII.    OPT-OUTS AND OBJECTIONS

12.01 <u>Opting Out of the Settlement</u>.    Any Class Members who wish to exclude themselves from the Settlement Class ("opt out") must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt Out Deadline.  The Claims Administrator shall provide the Parties with copies of all opt out requests it receives and shall provide a list of all Class Members who timely and validly opted out of the settlement in their declaration filed with the Court, as required by Section 13.01.  Class Members who do not properly and timely submit an opt out request will be bound by this Agreement and the judgment, including the releases in Section XVI below.

A.    In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

B.    Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

C.    After the expiration of the Opt Out Deadline, the Parties shall submit a list of valid opt outs to the Court at or before the Final Approval Hearing.

D.    If Defendant determines that any ambiguity exists as to whether a Class Member's communication constitutes a request to opt out, the Parties shall, if possible, resolve such ambiguity by agreement and shall inform the Court of their position at or prior to the Final Approval Hearing.  Defendant or Class Counsel may dispute an exclusion request, and the Parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position at or prior to the Final Approval Hearing.  The Court shall retain jurisdiction to resolve any disputed exclusion requests.

E.    Any Class Member who does not timely comply with all requirements for opting out contained in this Agreement shall be a Settlement Class Member, bound by this Agreement, this settlement, and the Release set forth in Section XVI herein.

12.02 <u>Objections</u>.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court no later than the Objection

17

Deadline and simultaneously provide a copy to Class Counsel and counsel for Defendant at the addresses set forth in the Notice.

  A. In the written objection, the Settlement Class Member must state his or her full name, current address, telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the Objection, and if the Settlement Class Member intends to call witnesses at the Fairness Hearing, those witnesses must be identified, including providing each witness's name, address and telephone number in the Objection. Objections must be signed by the Settlement Class Member making them or by his or her counsel.

  B. Any Settlement Class Member who has timely filed a written objection, as provided for above, may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the settlement. A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Parties. Any Class Member who fails to comply with the provisions of this Section 12.02 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this settlement, and by all proceedings, orders, and judgments in the litigation.

## XIII. FINAL APPROVAL AND JUDGMENT ORDER

  13.01  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

  13.02  If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

A.      The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit A, with Class Counsel filing a memorandum of points and authorities in support of the motion.

B.      Counsel for the Class and Defendant may file a memorandum addressing any Objections submitted to the settlement.

13.03   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the settlement should be finally approved as fair, reasonable and adequate, whether any objections to the settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the settlement should be entered.

13.04   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

A.      Finds that the Notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

B.      Finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

C.      Finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in Sections XVI, and the covenant not to sue in Section 16.02, and that this Settlement Agreement should be and is finally approved;

D.      Dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendant in the Action, with each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as expressly provided in this Agreement);

E.      Permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

F.      Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this settlement.

## XIV.   FINAL JUDGMENT

14.01   The judgment entered at the Final Approval Hearing shall be deemed final on the last date on which all of the following have occurred:

A.      The Court enters a Final Approval Order and Judgment that are consistent with Section XIII and that: (i) dismisses all claims in the Action with prejudice; and (ii) finally approves settlement of the Action without any material modification of the terms of this Agreement; and

B.      Either: (i) thirty (30) days have passed after entry of the judgment described in Section 14.01(A) above and no appeal is taken after the judgment's entry and no motion or other pleading has been filed with the Court (or with any other court) seeking to set aside, enjoin, or in any way alter the judgment or Final Approval Order or to toll the time for appeal of the judgment or Final Approval Order; OR (ii) all appeals, reconsideration, rehearing, or other forms of review and potential review of the Court's judgment and Final Approval Order are exhausted, and the Court's judgment and Final Approval Order are upheld without any material modification of the terms of this Agreement.

## XV.   CONFIRMATORY DISCOVERY

15.01   Class Counsel shall be entitled to conduct limited discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of that discovery shall be to confirm the total number of Class Members and the process used to determine that number.  This discovery is to be used solely for purposes of finalizing this settlement and, consistent with Section 17.03 below, may not be used for any purpose in the event this Agreement is terminated or is otherwise not fully and finally approved by the Court.

## XVI.   RELEASE OF CLAIMS

16.01   Released Claims.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not

institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Class Members who timely opt out of the settlement.

      A.    "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place telephone calls to Settlement Class Members, to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones, or pagers.

      B.    <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16.02 <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XVII.   <u>TERMINATION OF AGREEMENT</u>

17.01 <u>Either Side May Terminate the Agreement</u>. Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of his or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

      a.     The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

      b.     An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

      c.     Any Court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties; or

      d.     The Effective Date does not occur; or

e.     Any other ground for termination provided for elsewhere in this Agreement occurs.

17.02   Termination if Large Number of Opt-Outs.  If, at the conclusion of the Opt Out Deadline, more than 1,590 Settlement Class Members have opted out of the settlement, the Defendant shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt Out Deadline.

17.03   Revert to Status Quo. If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Defendant.

## XVIII.   NO ADMISSION OF LIABILITY

18.01  Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Complaint and First Amended Complaint.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission by Defendant of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that a class could be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement:  (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

23

18.02   Pursuant to Federal Rules of Evidence Rule 408 and California Evidence Code Sections 1119 and 1152, and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement or by Court Order.

## XIX.   TAXES

19.01   <u>Qualified Settlement Fund</u>. The Parties agree that the account into which the Settlement Fund is deposited is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.   The Claims Administrator shall timely make or cause to be made such elections as necessary or advisable to carry out the provisions of this Section XIX, including, if requested by Defendant, cooperating in the making of the "relation back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.   Such elections shall be made in compliance with the applicable procedures and requirements contained in Treasury regulations promulgated under §468B of the Internal Revenue Code of 1986, as amended (the "Code").   It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

19.02   <u>Claims Administrator is "Administrator."</u> The Claims Administrator shall be designated as the "administrator" of the Settlement Fund in accordance with the Treasury regulations under § 468B of the Code.   The Claims Administrator shall timely file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).   Such returns (as well as any elections described in Section 19.01) shall be consistent with this Section XIX and in all events shall reflect that all taxes, including any estimated taxes, interest or penalties, (collectively "Taxes") with respect to any income of the Settlement Fund shall be paid out of the Settlement Fund as provided in Section 19.03.

19.03   <u>Taxes Paid by Administrator</u>. All Taxes or Tax-related expenses arising in connection with any income of the Settlement Fund, including any Taxes or Tax-related expenses that may be payable by Defendant or any of the other Released Parties with respect to

24

any income of the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Claims Administrator from the Settlement Fund in accordance with Section 8.04(a).

19.04   Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in this Section XIX, including fees of attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund in accordance with Section 8.04.

19.05   Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for Taxes or Tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such Taxes and Tax-related expenses shall not be paid from the Settlement Fund.

19.06   Defendant Is Not Responsible. In no event shall Defendant or any of the other Released Parties have any responsibility or liability for Taxes or Tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Defendant and the other Released Parties harmless for all such Taxes and Tax-related expenses (including Taxes and Tax-related expenses payable by reason of any such indemnification).

## XX.   MISCELLANEOUS

20.01   Entire Agreement. This Agreement and the exhibits hereto constitute the entire agreement between the Parties. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02   Governing Law. This Agreement shall be governed by the laws of the State of California without regard to choice of law principles.

20.03   Non-Waiver Of Debts/Obligations Owing By Class Members.   The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by the Plaintiff or any Settlement Class Member to Defendant and/or its clients, principals and their related or affiliated entities. This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or

obligation owed by Plaintiff or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant and its clients, principals and their related or affiliated entities.

20.04   Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

20.05   No Construction Against Drafter.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.06   Headings.  Paragraph titles or headings are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

20.07   Resolution of Disputes.  The Parties shall cooperate in good faith in the administration of this settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

20.08   Counterparts.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.  The Parties agree that electronic signatures may be provided and shall have the full force and effect as handwritten signatures.

20.09   Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.10   Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.11   No Oral Modifications.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

20.12   Press Releases.  In the event that a Party receives a media or press inquiry about the settlement or the resolution of the Action, the Party may respond by making "no comment"

26

or the agreed-upon statement attached hereto as Exhibit "C." The Parties shall not issue any other press releases or make any other statements to the media or press. The Parties further agree that the Protective Order entered by the Court in the Action will remain in full force and effect with respect to the documents and information produced or provided thereunder.

20.13  Notices.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive
Suite 415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
tfriedman@attorneysforconsumers.com

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South
Suite 101
San Diego, CA  92108
Telephone:  (619) 233-7770
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
Fischer Ave., Ste. D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
ak@kazlg.com

Paul Mankin, Esq.
Law Offices of Paul Mankin
8730 Wilshire Blvd.
Suite 320
Beverly Hills, CA 90211
Telephone: (877) 571-5772
pmankin@paulmankin.com

If to Counsel for Settling Defendant:

    Kristine Brown, Esq.
    Alston & Bird LLP
    1201 West Peachtree Street NW
    Atlanta, Georgia 30309
    Telephone: (404) 881-7584
    Kristy.brown@alston.com


IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this ⸺ day of September, 2014.

Defendant T-Mobile USA, Inc.

By: _____

_____
Sayan Aboudi, Plaintiff and Class Representative

Its Authorized Representative
David A. Miller
Executive VP & General Counsel
[Name] _____

28

APPROVED AS TO FORM:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive, Suite 415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
tfriedman@attorneysforconsumers.com

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, CA 92866
Telephone: (800) 400-6808
ak@kazlg.com

Paul Mankin, Esq.
Law Offices of Paul Mankin
8730 Wilshire Blvd.
Suite 320
Beverly Hills, CA 90211
Telephone: (877) 571-5772
pmankin@paulmankin.com

Class Counsel
Attorneys for Plaintiff Sayan Aboudi and the
Settlement Class

29

_Kristine Brown_

Kristine Brown, Esq.
Alston & Bird LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 881-7584
Kristy.brown@alston.com

Attorney for T-Mobile USA, Inc.

30

# EXHIBIT A

**EXHIBIT A TO SETTLEMENT AGREEMENT**

1

2

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAN ABOUDI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC. and DOES 1-10, inclusive, and each of them,<br><br>      Defendants. | Case No.: 3:12-cv-02169-BTM-NLS<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br><br>Date Action Filed: September 4, 2012 |

**WHEREAS**, the Parties entered into a Proposed Settlement Agreement executed on January 9,  2015 and filed the Proposed Settlement Agreement with the Court on February 2, 2015 along with Plaintiff's Amended Motion for Preliminary Approval; and

**WHEREAS**, on _____, this Court entered an Order Granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement, preliminarily approving the settlement pursuant to the terms of the Proposed Settlement Agreement and directing that notice be given to the Settlement Class; and

**WHEREAS**, Plaintiff filed his Motion for Final Approval of Class Action Settlement and Entry of Final Judgment on _____; and

**EXHIBIT A TO SETTLEMENT AGREEMENT**

1

2

3

**WHEREAS**, pursuant to the Parties' approved plan for providing notice to the Settlement Class (the "Notice Plan"), and in compliance with Federal Rule of Civil Procedure 23, the Settlement Class was notified of the terms of the proposed settlement and of the Hearing on Final Approval to determine, *inter alia*: (i) whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims against Released Parties; and (ii) whether judgment should be entered dismissing this Action on the merits and with prejudice; and

4

5

6

7

8

**WHEREAS**, a Final Approval Hearing was held on _____; and

9

**WHEREAS**, prior to the Final Approval Hearing, the Notice Plan set forth in Section IX of the Settlement Agreement and approved in the Preliminary Approval Order was completed, meaning that Settlement Class Members were notified, in the best manner practicable under the circumstances, of the settlement and of their right to opt out, object, or appear at the Hearing on Final Approval in support of or in opposition to the proposed settlement; and

10

11

12

13

14

15

**WHEREAS**, the Court finds that the settlement is fair, reasonable, and adequate and was entered into at arms' length, in a non-collusive manner, by experienced counsel and only after extensive discovery, arms' length negotiations between competent and well-informed counsel for both Plaintiff and Defendant, and assisted by an independent and experienced mediator.

16

17

18

19

20

21

**EXHIBIT A TO SETTLEMENT AGREEMENT**

**NOW, THEREFORE,** the Court, having considered all matters submitted to it at the Hearing on Final Approval and otherwise, including the complete record of this Action, and good cause appearing, the Court enters this Final Approval Order and Judgment.

**IT IS HEREBY ORDERED:**

1.     This Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise provided herein, all capitalized terms used in this Order shall have the same meanings set forth in the Settlement Agreement.

2.     The Court has subject matter and personal jurisdiction over this case, over all claims raised herein, and all Parties, including the Settlement Class.

3.     The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all Settlement Class Members who did not submit timely and valid requests for exclusion.

4.     The Court finds that the prerequisites of Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes because: (i) Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) the claims of the Class Representative are typical of the claims of the Settlement Class; (iv) the Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class; (v) questions of law or fact common to class members

**EXHIBIT A TO SETTLEMENT AGREEMENT**

predominate over any questions affecting only individual members; and (vi) the certification of the Settlement Class for settlement purposes is an appropriate method for the fair and efficient adjudication of this matter.

5.      For purposes of this settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial/prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
>
> (a)     Are not current or former T-Mobile customers;
> (b)     Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;
> (c)     Did not consent to receive those calls: and
> (d)     Did not indicate that the call had reached the correct party.

Excluded from membership in the Settlement Class are (a) any employees of T-Mobile, its parent, affiliates, or subsidiaries; (b) the Judge or Magistrate Judge to whom the Action is assigned; and (c) any member of those Judges' staffs or immediate families.  For purposes of clarification, the Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party collections agency or business placing

**EXHIBIT A TO SETTLEMENT AGREEMENT**

calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts.  All persons who timely and properly requested exclusion are listed on Exhibit "A" to this Order (which has been filed under seal).

6.     The Court hereby finally certifies Plaintiff Sayan Aboudi as the Settlement Class Representative and Todd Friedman of the Law Offices of Todd Friedman; Josh Swigart of Hyde & Swigart; Abbas Kazerounian, of the Kazerouni Group, APC; and Paul Mankin of the Law Offices of Paul Mankin, collectively, as Class Counsel.

7.     The Court hereby finds that the Parties complied in all material respects with the Notice Plan set forth in Section IX of the Settlement Agreement.  The Court finds that the Notice Plan constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the ability of Settlement Class Members to opt out or object to the Settlement Agreement, and the Hearing on Final Approval.  The Court further finds that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution.

8.     The Court has determined that full and fair opportunity has been given to the members of the Settlement Class to opt out of the settlement, object to the

**EXHIBIT A TO SETTLEMENT AGREEMENT**

settlement, or otherwise participate in the Hearing on Final Approval held on

_____, 2015.  To the extent that any were filed, the Court has considered

all submissions and arguments provided by Settlement Class Members objecting to

the settlement, as well as the Parties' responses to those objections, and has

determined that none of the objections has any merit or warrants disapproval of the

Settlement Agreement.  All such objections to the settlement that have not previously

been withdrawn are hereby overruled.

9.     The Court finds that the settlement is in all respects fair, reasonable, and

adequate to Settlement Class Members.  The Court therefore finally approves the

settlement for all of the reasons set forth in the Motion for Final Approval, including,

but not limited to: (i) The Settlement Agreement was the product of informed, arms'

length negotiations between competent, able, and informed counsel; (ii) the record

was sufficiently developed through meaningful discovery and motion proceedings to

have enabled counsel for the Parties to have adequately evaluated and considered the

strengths and weaknesses of their respective positions; (iii) the Action involved

disputed claims; (iv) there is inherent uncertainty and risk in the outcome of this

matter; (v) the settlement provides a meaningful and valuable Settlement Benefit for

the Settlement Class Members who submit claims; and (vi) the Parties were

represented by highly qualified counsel who, through this case, vigorously and

adequately represented their respective party's interests.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

10.     The settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims in this Action.   All requirements of Federal Rule of Civil Procedure 23 and United States Constitution necessary to effectuate the Settlement have been satisfied.   The Parties shall effectuate the Settlement Agreement in accordance with its terms.

11.     Pursuant to Section XVI of the Settlement Agreement, upon the Effective Date, Plaintiff and the Settlement Class Members, as well as their respective assigns, heirs, executors, administrators, successors and agents, shall have released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims.  Released Claims include any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place telephone

**EXHIBIT A TO SETTLEMENT AGREEMENT**

calls to Settlement Class Members, to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones, or pagers.

12.     By operation of this Final Approval Order and Judgment, Plaintiff and Settlement Class Members shall be deemed to have expressly waived any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States or by common law providing that a general release does not release claims that the releaser does not know or suspect to exist at the time of giving the release, including but not limited to Section 1542 of the California Civil Code.

13.     All Settlement Class Members are forever enjoined from commencing, prosecuting, or participating in any way in any action or proceeding in any court or other forum asserting any of the Released Claims against any of the Released Parties. Settlement Class Members are expressly bound by the covenant not to sue contained in Section 16.02 of the Settlement Agreement and shall not sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and are barred from doing so, in any court of law or equity, or any other forum.

14.     No actions taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgement or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever to the other Party or to the Settlement Class.  T-Mobile specifically denies any liability and has entered into this Settlement Agreement for the sole purpose of avoiding the expense and inconvenience of litigation.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of this settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of T-Mobile or the Released Parties.  T-Mobile's agreement not to oppose the entry of this Final Approval Order and Judgment shall not be construed as an admission or concession by T-Mobile that class certification would be appropriate in this Action if there were not Settlement or that class certification would be appropriate in any other Action.

15.     This Action is hereby dismissed in its entirety with prejudice and without costs for or against any party except as otherwise provided in this Judgment. Plaintiff and T-Mobile waive all rights to appeal.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

16.     Without affecting the finality of the Judgment hereby entered, the Court retains jurisdiction over the implementation of the settlement, including any disputes arising out of the terms and conditions of the Settlement Agreement, and over the Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement.

18.     In the event that the settlement reflected in the Settlement Agreement does not become final in accordance with the terms of the Agreement, this Judgment and all other orders entered in connection with the settlement shall be rendered null and void as provided for and in accordance with the Settlement Agreement and shall be vacated.

19.     Class Counsel's request for an Attorneys' Fee Award and Plaintiff's request for a Class Representative Award shall be dealt with by separate order.

20.     There is no just reason for delay in the entry of this Final Approval Order and Judgment, and immediate entry by the Clerk of Court is expressly directed.

**IT IS SO ORDERED, ADJUGED, AND DECREED** this ___ day of _____, 2015.

_____
Honorable Judge Moskowitz

**EXHIBIT A TO SETTLEMENT AGREEMENT**

# EXHIBIT B

EXHIBIT B TO SETTLEMENT AGREEMENT
DRAFT LONG FORM NOTICE

LONG FORM NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

Para ver este aviso en espanol, visita www._____.com

**If you are NOT a current or former T-Mobile customer and you answered one or more Collections Calls from T-Mobile on your wireless telephone between September 4, 2008 and September 4, 2012, a class action settlement may affect your rights. More information about this settlement is set forth in this Notice. Please read it carefully as your rights may be impacted even if you do nothing at all.**

*A federal court in California authorized this Notice.*
*This is not a solicitation from a lawyer.*

## SUMMARY

- Sayan Aboudi (the "Plaintiff" or "Class Representative") filed a putative class action lawsuit (the "Action") against T-Mobile USA, Inc. ("T-Mobile") alleging that T-Mobile violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to place collections calls to wireless telephone numbers without the prior express consent of Plaintiff and members of the putative class. The class action is called *Aboudi v. T-Mobile USA, Inc.*, No. 3:12-cv-02169-BTM-NLS, and is pending in the United States District Court for the Southern District of California, located in San Diego, California.

  ➢ A proposed settlement has been reached in the Action, and you may be a Settlement Class Member. You are a Settlement Class Member if you are a resident of the United States and you answered one or more Collections Calls placed by T-Mobile (either directly, or indirectly through a vendor placing calls on T-Mobile's behalf) using an automatic telephone dialing system, and not manually dialed, or an artificial / prerecorded voice AND YOU:

    ▪ Are not, and have never been, a T-Mobile customer;
    ▪ Answered the call(s) between September 4, 2008 and September 4, 2012;
    ▪ Answered the call(s) on a wireless phone with a non-T-Mobile U.S. wireless telephone number that was not provided to T-Mobile by a customer as a contact number;
    ▪ Did not consent to receive the call(s) from T-Mobile;
    ▪ Did not indicate that the call(s) had reached the correct party; and
    ▪ Do not fall within any of the exclusions explained in detail later in this Notice.

- If the settlement is finally approved by the Court, Settlement Class Members who submit a timely claim that satisfies the requirements set forth in this Notice will receive a settlement payment. In not event shall a Settlement Class Member receive a settlement payment in excess of $500. The actual amount of the settlement check will not be

1

EXHIBIT B TO SETTLEMENT AGREEMENT
DRAFT LONG FORM NOTICE

determined until the claims deadline has passed and will depend on the number of valid claims received.

- Your legal rights are affected whether you act or not and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Do Nothing** | You will get no benefit from the settlement.<br><br>You will give up any right to ever be a part of any other lawsuit against T-Mobile (or the Released Parties defined in the Settlement Agreement here [HYPERLINK]) that relates in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place calls to Settlement Class Members. |
| **Submit A Claim Form by _____, 2015** | You will receive a cash benefit if you submit a timely claim form that satisfies the requirements for making a claim AND the Court finally approves the settlement.<br><br>You will also give up any right to ever be a part of any other lawsuit against T-Mobile (or the Released Parties defined in the Settlement Agreement here [HYPERLINK]) that relates in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place calls to Settlement Class Members.<br><br>A claim form is available at [[HYPERLINK TO SETTLEMENT WEBSITE]]. |
| **Ask to be Excluded by _____, 2015** | You will not receive a benefit from the settlement.<br><br>You will keep the ability to sue T-Mobile (or the Released Parties defined in the Settlement Agreement here [HYPERLINK]) in a different lawsuit for the claims at issue in this lawsuit.<br><br>This is the only option that allows you to ever be part of any other lawsuit against T-Mobile (or the Released Parties) that relates in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place calls to Settlement Class Members. |
| **Submit an Objection by _____, 2015** | You may choose to stay in the lawsuit and the Settlement Class, but object to this settlement.<br><br>By objecting to the settlement you give up your right to be excluded from the settlement and your right to file your own action.  If you object to the settlement, you may ask a lawyer to represent you at your own cost. |

2

EXHIBIT B TO SETTLEMENT AGREEMENT
DRAFT LONG FORM NOTICE

|  | The Court will hold a Fairness Hearing in this case on _____, 2015, to consider whether to approve the settlement and the request by the lawyers representing Settlement Class Members for attorneys' fees and costs. To object to the settlement and/or the application for attorneys' fees and costs, you must timely file a written objection meeting the requirements set forth later in this Notice with the Court and serve a copy on Class Counsel and Defendant's counsel at the addresses listed below. If you have filed such an objection, you also may appear at the hearing to explain your objection further. |
|---|---|

## BASIC INFORMATION

### 1. What is this notice about?

The Court issued this notice because you have a right to know about a proposed settlement in the class action lawsuit, *Aboudi v. T-Mobile USA, Inc.*, No. 3:12-cv-02169-BTM-NLS, pending in the United States District Court for the Southern District of California, located in San Diego, California. This lawsuit is based on certain Collections Calls T-Mobile placed to individuals, who are not and have never been T-Mobile customers, on their wireless telephones.

This notice explains the settlement, including your legal rights, who is a Settlement Class Member, the benefit available to Settlement Class Members, and how to make a claim for a benefit.

### 2. What is this lawsuit about?

Plaintiff claims that T-Mobile violated the federal Telephone Consumer Protection Act by using an automatic telephone dialing system or an artificial or prerecorded voice to place Collections Calls to wireless phones without the prior express consent of the recipient. T-Mobile denies wrongdoing or liability of any kind related to Plaintiff's claim and has agreed to settle the case for the sole purpose of avoiding the uncertainties, expenses, and time of further litigation.

### 3. What is a class action?

In a class action lawsuit, a person called a "Class Representative" (in this case, Sayan Aboudi) sues on behalf of other people called "Class Members" who have similar claims. In a class action, one court resolves in one case the claims of all Class Members except for those who choose to exclude themselves from the class. Plaintiff and T-Mobile have agreed to treat this case as a class action for purposes of this Settlement. The Court has agreed for the reasons set forth in the Court's Preliminary Approval Order available at [[INSERT HYPERLINK TO SETTLEMENT WEBSITE]]

### 4. Why is there a settlement in this case?

The Court did not decide in favor of Plaintiff or T-Mobile. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of continued litigation and trial, and Settlement Class Members who satisfy certain conditions will receive a monetary benefit without the risk that their claims ultimately may be found to lack merit if this case were to proceed through litigation. Plaintiff and Class Counsel believe this settlement is in the best interest of all Settlement Class Members.

EXHIBIT B TO SETTLEMENT AGREEMENT
DRAFT LONG FORM NOTICE

## WHO IS IN THE CLASS?

**5.  How do I know if I am part of the settlement?**
The Court has decided that everyone who fits this description is a Settlement Class Member:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial / prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
> (a) Are not current or former T-Mobile customers;
> (b) Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;
> (c) Did not consent to receive those calls: and
> (d) Did not indicate that the call had reached the correct party.

**6.  Are there exceptions to the Settlement Class?**
Yes. The Class does not include: any employees of T-Mobile, its parent, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Action is assigned; and, any member of those Judges' staffs or immediate families.  The Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party collections agency or business placing calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts.

**7.  I'm still not sure I'm included.**
If you are not sure whether you are included, you can get help by calling toll free 1-800-_____, visiting www._____.com, or writing with questions to Aboudi Settlement, KCC Group, [Address].  You can also contact Class Counsel at Todd M. Friedman, Esq., Law Offices of Todd M. Friedman, P.C., 369 South Doheny Drive, Suite 415, Beverly Hills, CA 90211.

## THE SETTLEMENT

**8.  What benefit is available under the settlement?**
The settlement provides that T-Mobile will pay at a minimum $2.5 million, and at a maximum $5 million, into a Settlement Fund that will include money for Settlement Class Members who submit timely and valid claims, after deducting payment of the costs of administering the settlement, including the costs of this notice and attorneys' fees, costs, and any incentive award that the Court may award.

If finally approved by the Court, any money remaining in the Settlement Fund after deduction of costs of administering the settlement will be divided equally among Settlement Class Members who submit a timely and valid claim form.  In no event shall a Settlement Class Member receive a settlement payment in excess of $500. The amount of the cash benefit will be $500 unless the sum of the Settlement Costs and amounts to be paid to Qualified Class Members exceeds $5

million.  If this happens, then the amounts paid to each Qualified Class Member will be reduced pro rata as required to ensure that the sum of the Settlement Costs and amounts to be paid to Qualified Class Members equals, but does not exceed, $5 million.

**9.  Is there any money available now?**

No.  The Court has not yet decided whether to approve the settlement.  If the Court does not approve the settlement, no money will ever be distributed.  If you want to participate in the settlement, however, you must submit the claim form available [INSERT HYPERLINK TO SETTLEMENT WEBSTITE] by _____, 2015.

<u>**YOUR RIGHTS AND OPTIONS**</u>

**10.  What am I giving up if I stay in the Settlement Class?**

If you stay in the Settlement Class, then you cannot sue Defendants or the Released Parties for claims that relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place calls to Settlement Class Members.  If the Court finally approves the settlement then you will be bound by the Settlement Agreement available at [[HYPERLINK TO SETTLEMENT WEBSITE]].

**11.  How can I make a claim?**

To receive any cash payment, you must submit a valid claim form.  Your claim form must include all of the required information, must be verified by you, and must be submitted on or before _____, 2015.  You may submit a claim form online at [[HYPERLINK TO SETTLEMENT WEBSITE]], by printing the claim form and mailing it to [[insert address]] or by calling [[INSERT TOLL FREE NUMBER]] and providing all of the required information.

**12.  How can I get out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter to the Claims Administrator [[INSERT ADDRESS]], postmarked no later than _____, 2015.  In your letter, you must include your name, address, telephone number, and a written statement that you wish to be excluded from the Settlement Class.

**13.  How do I tell the Court that I do not like the settlement?**

If you are a Settlement Class Member and have not excluded yourself from the Class, you can object to the settlement if you do not agree with any part of it.  Your objection should include reasons why you think the Court should not finally approve the settlement, and the Court will consider your views.  To object, you must file your written objection with the Court no later than _____, 2015.  You must also mail your objection to Class Counsel and Counsel for T-Mobile, postmarked no later than _____, 2015.

| **Court** | **Class Counsel** | **Counsel for T-Mobile** |
|---|---|---|
| United States District Court for the Southern District of California U.S. Courthouse 333 West Broadway Suite 420 | Todd M. Friedman, Esq. Law Offices of Todd M. Friedman, P.C. 369 South Doheny Drive Suite 415 | Kristy McAlister Brown Alston & Bird LLP 1201 West Peachtree Street, N.W Atlanta, GA 30309 |

| San Diego, CA 92101 Case No. 3:12-cv-02169-BTM-NLS | Beverly Hills, CA 90211 | |
|---|---|---|

Your objection must be signed by you or your attorney and must include your full name, current address, telephone number, the reasons for your objection, and whether you intend to appear at the fairness hearing on your own behalf or through counsel.  If you have documents supporting your objection, you must attach them to your letter.  If you intend to call witnesses at the fairness hearing, you must identify them.

If you wish to speak at the Fairness Hearing, you must file a Notice of Appearance with the Court and mail it to Class Counsel and T-Mobile's Counsel no later than ten (10) days before the hearing.

**14. What's the difference between "objecting" and "excluding yourself?"**
Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the settlement no longer affects you.

**15.  What happens if I do nothing at all?**
If you do nothing, you will be included in the Settlement Class, but you will not receive any monetary benefit.  To receive a monetary benefit, you MUST submit a timely and valid Claim Form.  If you do nothing, once the settlement is finally approved, you will not be able to start, continue, or be part of any other lawsuit against T-Mobile or the Released Parties that relates in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to place calls to Settlement Class Members.

## THE COURT'S FAIRNESS HEARING

**16. When and where will the Court decide whether to approve the settlement?**
The Court has scheduled a Fairness Hearing at _____ a.m. on _____, 2015 at the United States Courthouse, 333 West Broadway, Suite 420, San Diego, CA 92101.  At this hearing, the Court will consider whether the settlement should be approved by the Court as fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will make its decisions.  We do not know how long this will take.

**17. What else will be decided after the hearing?**
At the Fairness Hearing, Class Counsel will ask the Court for an award of attorneys' fees in an amount up to $625,000 or 25% of the entire settlement and for reimbursement of costs and expenses incurred litigating this case in an amount up to $100,000.  The Court will also consider Class Counsel's request for a special award of $1,500 for Plaintiff for the services he has rendered in this case. Any amounts awarded will be paid out of the Settlement Fund established in this case.

EXHIBIT B TO SETTLEMENT AGREEMENT
DRAFT LONG FORM NOTICE

**18. Do I have to come to the hearing?**

No.  Class Counsel will answer any questions that the Court may have, but you are welcome to come to the hearing or retain your own lawyer to represent you at your own expense.  If you filed an objection to the settlement, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

## THE LAWYERS REPRESENTING YOU

**19. Do I have a lawyer in this case?**

The Court appointed the following law firms to represent you as Class Counsel: Todd Friedman of the Law Offices of Todd Friedman, Josh Swigart of Hyde & Swigart, Abbas Kazerounian, of the Kazerouni Group, APC, and Paul Mankin of the Law Offices of Paul Mankin.  You do not have to pay Class Counsel.  They will ask the Court to award them their fees and expenses from the Settlement Fund in this case.

**20. Should I get my own lawyer?**

Class Counsel will represent you if you choose to stay in the Settlement Class.  You may retain your own lawyer if you want someone other than Class Counsel to represent you, but you will be responsible for paying that lawyer.  You are not required to pay Class Counsel.  If you ask to be excluded from the Settlement Class, Class Counsel will not represent you.  If you want a lawyer to represent you with respect to any claim you may have, then you will be required to pay that lawyer.

**21. How will the lawyers be paid?**

If the settlement is finally approved, Class Counsel will be paid their attorneys' fees and costs from the Settlement Fund in this case.  Class Counsel will file a motion asking the Court for an attorneys' fees award of up to $625,000 or 25% of the entire settlement and for reimbursement of their costs and expenses incurred litigating this case in an amount costs up to $100,000.  The Court may approve less than the requested amount.

## GETTING MORE INFORMATION

**22. Where can I find more details about the settlement?**

This notice only summarizes the proposed settlement.  You can view the Settlement Agreement and Release, the Court's Preliminary Approval Order, and other information relating to this settlement at [[www._____.com, by calling 1-800-_____, or by writing to Aboudi Settlement, [ICA], [Address].

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT OR T-MOBILE.**

# EXHIBIT C

**EXHIBIT C TO SETTLEMENT AGREEMENT**
**DRAFT PRESS RELEASE**

A proposed settlement has been reached in a class action lawsuit brought by Sayan Aboudi against T-Mobile USA, Inc. under the Telephone Consumer Protection Act ("TCPA").  The lawsuit alleges that T-Mobile violated the TCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to place collections calls to cell phones without the prior express consent of Plaintiff and class members.  T-Mobile denies any liability and denies that this case could be certified as a class action if it were litigated.  More details on the settlement can be found at [[insert web site address]].  The class is represented by  Todd Friedman of the Law Offices of Todd Friedman, Josh Swigart of Hyde & Swigart, Abbas Kazerounian, of the Kazerouni Group, APC, and Paul Mankin of the Law Offices of Paul Mankin.  T-Mobile USA, Inc. is represented by Kristine McAlister Brown of Alston & Bird LLP.

# EXHIBIT D

**EXHIBIT D TO SETTLEMENT AGREEMENT**
**DRAFT DIRECT MAIL NOTICE**

**Important Notice from the United States District Court**
**For the Southern District of California About a Class Action Settlement**
*Para ver este aviso en espanol, visita* **www._____.com**

*A federal court in California authorized this Notice.*
*This is not a solicitation from a lawyer.*

**If you are NOT a current or former T-Mobile customer and you answered one or more Collections Calls from T-Mobile on your wireless telephone between September 4, 2008 and September 4, 2012, a class action settlement may affect your rights.**

A proposed settlement has been reached in a class action alleging that T-Mobile violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to place Collections Calls to wireless telephone numbers without the prior express consent of Plaintiff and the putative class members. **The sole purpose of this notice is to inform you of the settlement so that you may decide what to do about it.**

If the settlement is approved, any money remaining in the Settlement Fund after deduction of Settlement Costs will be divided equally among Settlement Class Members who submit claim forms. In no event shall a Settlement Class Member receive a settlement payment in excess of $500. You may also choose to exclude yourself from or object to the settlement.

You can obtain more information about this settlement at [SETTLEMENT WEBSITE], including the settlement agreement and related court documents. Claim forms are due _____, 2015 and can be obtained by visiting [SETTLEMENT WEBSITE], by calling [SETTLEMENT PHONE NUMBER] or by writing the Settlement Administrator, c/o [SETTLEMENT MAILING ADDRESS]. Requests to exclude yourself from the settlement are due _____, 2015. Questions may also be directed to Class Counsel at Todd M. Friedman, Esq., Law Offices of Todd M. Friedman, P.C., 369 South Doheny Drive, Suite 415, Beverly Hills, CA 90211.

Please do not contact T-Mobile or the Court about this settlement.

# EXHIBIT E

If you received a debt collection call on your mobile phone from T-Mobile when you had never been a customer, please click here to learn more about a class action settlement.

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAN ABOUDI, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>T-MOBILE USA, INC. and DOES 1-10, inclusive, and each of them,<br><br>      Defendants. | Case No.: 3:12-cv-02169-BTM-NLS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><br>Date Action Filed: September 4, 2012 |

**WHEREAS**, Plaintiff Sayan Aboudi ("Plaintiff" or "Class Representative") and Defendant T-Mobile USA, Inc. ("T-Mobile") have entered into a Proposed Settlement Agreement executed on January 9, 2015 ("Settlement Agreement") that provides for a class action settlement of this litigation (the "Action"); and

**WHEREAS**, Plaintiff filed his Motion for Preliminary Approval of Class Action Settlement on February 2, 2015; and

**WHEREAS**, this Court has read and considered the Settlement Agreement along with the Exhibits thereto and has also read and considered Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement; and

**WHEREAS**, this Court finds that there is good cause shown for granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The capitalized terms used in this Order granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement shall have the same meanings set forth in the Settlement Agreement.

2.      Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby preliminarily certifies this Action as a class action on behalf of the following Settlement Class:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial/prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
>
> (a)     Are not current or former T-Mobile customers;
> (b)     Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;
> (c)     Did not consent to receive those calls: and
> (d)     Did not indicate that the call had reached the correct party.

3.      Excluded from the Class are any employees of T-Mobile, its parent, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Action is assigned; and any member of those Judges' staffs or immediate families.  The Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party

collections agency or business placing calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts.

4.      The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist; that the claims of the Class Representatives are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; that questions of law or fact common to class members predominate over any questions affecting only individual members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement is not finally approved by the Court or otherwise does not take effect.  Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement is not finally approved by this Court or otherwise does not take effect.

6.      The Court conditionally appoints Todd Friedman of the Law Offices of Todd Friedman; Josh Swigart of Hyde & Swigart; Abbas Kazerounian of the Kazerouni Group, APC; and Paul Mankin of the Law Offices of Paul Mankin as Class Counsel and Plaintiff Sayan Aboudi as Class Representative for purposes of this

Settlement.  The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7.      Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class and as falling within the range of possible final approval.

8.      The Final Approval Hearing shall be held before this Court at ____ a.m. on _____, 2015, at the United States District Court for the Southern District of California, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for attorneys' fees, costs, and an incentive award should be approved.  Consideration of Class Counsel's application for an award of attorneys' fees, costs, and incentive awards shall be separate from consideration of whether or not the proposed Settlement should be approved and shall be embodied in a separate order.  The Court may continue this hearing without providing further notice to Settlement Class Members.

9.      The Court approves, as to form and content, the Long Form Notice, press release, direct mail notice, and the publication notice attached as Exhibits "B," "C," "D," and "E," to the Settlement Agreement respectively.

10.      No later than _____ [a date fourteen (14) days after this Preliminary Approval Order is entered], the Claims Administrator shall post on the settlement website a Question and Answer Notice ("Q & A Notice"), which shall set forth in a question and answer format the details of the settlement and the rights of Class Members to participate in the settlement, exclude themselves, or object to the settlement.   The settlement website shall contain downloadable copies of the Preliminary Approval Order, Long Form Notice, Settlement Agreement, claim form, and when filed, Class Counsel's motions for an attorneys' fees and expenses award and for an incentive fee for the Class Representative. The settlement website shall also contain appropriate links through which Settlement Class Members can submit a claim online.

11.      No later than _____ [a date fourteen (14) days after this Preliminary Approval Order is entered], Defendant shall deliver to the Claims Administrator wireless telephone numbers that are believed to be associated with certain individuals who are potential Class Members.  The Claims Administrator shall use a reverse look up data base to obtain addresses that are believed to belong to those potential Class Members.

12.      No later than _____ [a date thirty (30) days after this Preliminary Approval Order is entered], the Claims Administrator shall provide notice by first class postcard to the addresses obtained through the process set forth in Paragraph 11 of this Order.

13.     Publication notice shall also be published in internet banner advertisements and shall appear in approximately 80 million unique impressions within sixty (60) days after the Preliminary Approval Order is entered.

14.     The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in Section IX of the Settlement Agreement and in Paragraphs 10-13 of this Order: (i) constitutes the best notice practicable under the circumstances; (ii) constitutes due and sufficient notice to the Settlement Class; and (iii) satisfies the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution.

15.     Any Settlement Class Member shall be entitled to make a claim. Each Settlement Class Member shall be entitled to make only one claim regardless of the number of calls made to that Settlement Class Member's wireless telephone number(s).  A claim must satisfy the requirements set forth in Section 10.03 of the Settlement Agreement and must be submitted on or before the Claims Deadline.  The Claims Deadline shall be _____, 2015 [a date thirty (30) days after entry of the Final Approval Hearing].  The Court hereby approves the claim form attached as Exhibit "G" to the Settlement Agreement.

16.     Any member of the Settlement Class who wishes to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must advise the Claims Administrator in writing of that intent.  To be effective, opt out requests must comply with the requirements of Section XII of the

Settlement Agreement and must be postmarked no later than _____ [a date ninety (90) days after entry of the Preliminary Approval Order] ("Opt Out Deadline").  Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of the Settlement Agreement.

17.    The Parties shall submit a list of valid opt outs to the Court after the Opt Out Deadline passes and at or before the Final Approval Hearing.

18.    Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the fairness of the Settlement Agreement. Objections must comply with the requirements set forth in Section 12.02 of the Settlement Agreement and must be filed and served no later than _____ [a date ninety (90) days after entry of the Preliminary Approval Order].  Any Settlement Class Member who does not make his or her objection in the manner required herein shall waive and forfeit any and all rights to appear separately and/or object and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

19.    Any Settlement Class Member who files a timely Objection that satisfies the requirements of Section 12.02 of the Settlement Agreement may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the settlement; provided, however, that no Settlement Class Member shall be heard unless

he or she files a Notice of Appearance with the Court no later than _____ [a date ten (10) days prior to the Fairness Hearing] and serves a copy of such notice of appearance on counsel for all Parties.

20.    All papers to be considered at the Fairness Hearing, including memoranda to be filed by the Parties in support of the settlement, shall be served and filed no later than _____ [a date ten (10) days prior to the Fairness Hearing].

21.    All Settlement Class Members are hereby enjoined from prosecuting separate actions against T-Mobile or the Released Parties asserting any of the Released Claims.

21.    Except as provided herein, the Action is stayed pending the Court's final decision on the fairness of the proposed settlement.

**IT IS SO ORDERED, ADJUGED, AND DECREED** this ___ day of _____, 2015.


_____
Honorable Judge Moskowitz

# EXHIBIT G

MUST BE ELECTRONICALLY SUBMITTED OR POSTMARKED                                    EXHIBIT "G"
NO LATER THAN [[INSERT DATE]]

## CLAIM FORM

This Claim Form is for use in submitting a claim for a cash benefit under the settlement agreement in the case of *Sayan Aboudi v. T-Mobile USA, Inc.,* in the United States District Court for the Southern District of California, Case No. 3:12-cv-02169-BTM-NLS (the "Action"). **Before submitting this Claim Form, you should read carefully the Long Form Notice, the Settlement Agreement and Release, the Preliminary Approval Order, and Class Counsel's Application for an Attorneys' Fees Award available on [[INSERT SETTLEMENT WEBSITE]].**

To be eligible for a cash benefit, you **MUST** fully complete, sign, and date this Claim Form, and electronically submit it through the settlement website [[INSERT SETTLEMENT WEBSITE]] or mail it to the address provided below with a postmark no later than [[insert date]]. You can also make a claim by calling [[TOLL FREE SETTLEMENT NUMBER]] and providing the required information. **This information is required so that your entitlement to a settlement benefit can be verified. If you do not comply with these requirements, your claim will be denied.**

1.   **PRINT** the full name, address, and telephone numbers of the Settlement Class Member submitting this Claim Form:

_____

First Name                                  Middle Name                          Last Name

_____

Address

_____

City                                        State                                Zip Code

**_____**

Current Telephone Number

2.   **PROVIDE** the US wireless telephone number on which you answered a Collections Call from T-Mobile between September 4, 2008 and September 4, 2012: _____.
**Please note that you are not a Settlement Class Member and are not eligible for a settlement benefit if you only received a collections call from a third-party collections agency or business placing calls on its own behalf in an attempt to collect a debt owed on a T-Mobile account.**

3.   **COMPLETE THE FOLLOWING VERIFICATION:**

Pursuant to 28 U.S.C. § 1746, I declare to the United States District Court for the Southern District of California that the following information is true and correct:

(1)   I am the person identified in this Claim Form;
(2)   I am not a T-Mobile customer;
(3)   I have never been a T-Mobile customer;
(4)   I answered a Collections Call placed by T-Mobile, either directly or indirectly through a vendor placing calls on T-Mobile's behalf between September 4, 2008 and September 4, 2012;
(5)   When I answered the call(s), I did not indicate to T-Mobile that it had reached the correct party; and
(6)   I did not consent to receive the call(s) from T-Mobile.

(Signature) _____          _____

Print name:  [                                        ]          Date