1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAN ABOUDI, on behalf of himself and all others similarly situated, | Case No.: 3:12-cv-02169-BTM-NLS |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| T-MOBILE USA, INC. and DOES 1-10, inclusive, and each of them, | Date Action Filed: September 4, 2012 |
| Defendants. | |

1 **WHEREAS**, the Parties entered into a Proposed Settlement Agreement executed on January 9, 2015 that provides for a class action settlement of this litigation; and

**WHEREAS,** the Court entered an Order granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement on March 23, 2015, preliminarily approving the settlement and directing that notice be given to the Settlement Class; and

**WHEREAS**, pursuant to the Parties' approved plan for providing notice to the Settlement Class (the "Notice Plan"), and in compliance with Federal Rule of Civil Procedure 23, the Settlement Class was notified of the terms of the proposed settlement and of the Hearing on Final Approval to determine, *inter alia*: (i) whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims against Released Parties; and (ii) whether judgment should be entered dismissing this Action on the merits and with prejudice; and

**WHEREAS,** Plaintiff filed his Motion for Final Approval of Class Action Settlement and Entry of Final Judgment on July 17, 2015; and

**WHEREAS**, prior to the Final Approval Hearing, the Notice Plan set forth in Section IX of the Settlement Agreement and approved in the Preliminary Approval Order was completed, meaning that Settlement Class Members were notified, in the best manner practicable under the circumstances, of the settlement and of their right to opt out, object, or appear at the Hearing on Final Approval in support of or in opposition to the proposed settlement; and

**WHEREAS**, a Final Approval Hearing was held on July 27, 2015; and

**WHEREAS**, the Court entered an Order on August 18, 2015, granting Plaintiff's Motion for Final Approval of Class Action Settlement and Entry of Final Judgment, finding the settlement to be fair, reasonable, and adequate; certifying the Settlement Class; and finally approving the settlement (the "Final Approval Order").

**NOW, THEREFORE,** the Court, having considered all matters submitted to it at the Hearing on Final Approval and in prior submissions, enters this Final Judgment.

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise provided herein, all capitalized terms used in this Order shall have the same meanings set forth in the Settlement Agreement.

2. The Court has subject matter and personal jurisdiction over this case, over all claims raised herein, and all Parties, including the Settlement Class.

3. The Settlement Class, which will be bound by this Final Judgment and by the Settlement Agreement and Release, shall include all Settlement Class Members who did not submit timely and valid requests for exclusion.

4. As set forth in the Final Approval Order, the Court finds that the prerequisites of Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes because: (i) Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) the claims of the Class Representative are typical of the claims of the Settlement Class; (iv) the Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class; (v) questions of law or fact common to class members predominate over any questions affecting only individual members; and (vi) the certification of the Settlement Class for settlement purposes is an appropriate method for the fair and efficient adjudication of this matter.

5. For the reasons set forth in the Final Approval Order, the Court certifies the following Settlement Class:

> All individuals in the United States who answered one or more Collections Calls placed by T-Mobile to a wireless telephone number using an automatic telephone dialing system and not manually dialed, or an artificial/prerecorded voice ("ATDS Calls"), either directly, or indirectly through an outsourced vendor placing calls on T-Mobile's behalf, between September 4, 2008 and September 4, 2012 and who:
>
> (a) Are not current or former T-Mobile customers;

    (b)    Received Collections Calls from T-Mobile on a non-T-Mobile US wireless telephone number that was not provided to T-Mobile by the customer as a contact number;

    (c)    Did not consent to receive those calls: and

    (d)    Did not indicate that the call had reached the correct party.

Excluded from membership in the Settlement Class are (a) any employees of T-Mobile, its parent, affiliates, or subsidiaries; (b) the Judge or Magistrate Judge to whom the Action is assigned; (c) any member of those Judges' staffs or immediate families; and (d) any person within the third degree of relationship to the Judge or the Judge's spouse, or the spouse of such a person. For purposes of clarification, the Class also does not include individuals who did not receive calls placed by T-Mobile, either directly or indirectly, as set forth above, but did receive calls from a third-party collections agency or business placing calls on its own behalf in an attempt to collect debts owed on T-Mobile accounts. All persons who timely and properly requested exclusion are listed on Exhibit "A" to this Order.

    6.    For the reasons set forth in the Final Approval Order, the Court hereby finally certifies Plaintiff Sayan Aboudi as the Settlement Class Representative and Todd Friedman of the Law Offices of Todd Friedman; Abbas Kazerounian, of the Kazerouni Group, APC; and Paul Mankin of the Law Offices of Paul Mankin, collectively, as Class Counsel.

    7.    The Court hereby finds that the Parties complied in all material respects with the Notice Plan set forth in Section IX of the Settlement Agreement. The Court finds that the Notice Plan constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the ability of Settlement Class Members to opt

1  out or object to the Settlement Agreement, and the Hearing on Final Approval.  The
2  Court further finds that the Notice Plan complies fully with the requirements of Federal
3  Rule of Civil Procedure 23 and the United States Constitution.

4      8. The Court has determined that full and fair opportunity has been given to
5  the members of the Settlement Class to opt out of the settlement, object to the
6  settlement, or otherwise participate in the Hearing on Final Approval held on July 27,
7  2015.  There were no objections to the settlement.

8      9. As set forth in the Final Approval Order, the Court finds that the settlement
9  is in all respects fair, reasonable, and adequate to Settlement Class Members.  The
10 settlement is finally approved.

11     10. Pursuant to Section XVI of the Settlement Agreement, upon the Effective
12 Date, Plaintiff and the Settlement Class Members, as well as their respective assigns,
13 heirs, executors, administrators, successors and agents, shall have released, resolved,
14 relinquished and discharged each and all of the Released Parties from each of the
15 Released Claims.  Released Claims include any and all claims, causes of action, suits,
16 obligations, debts, demands, agreements, promises, liabilities, damages, losses,
17 controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether
18 based on any federal law, state law, common law, territorial law, foreign law, contract,
19 rule, regulation, any regulatory promulgation (including, but not limited to, any opinion
20 or declaratory ruling), common law or equity, whether known or unknown, suspected
21 or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent,
22 liquidated or unliquidated, punitive or compensatory, as of the date of the Final
23 Approval Order, that arise out of or relate in any way to the use of an "automatic
24 telephone dialing system" or an "artificial or prerecorded voice" to place telephone calls
25 to Settlement Class Members, to the fullest extent that those terms are used, defined or
26 interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,
27 relevant regulatory or administrative promulgations and case law, including, but not
28

limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones, or pagers.

11. By operation of this Judgment, Plaintiff and Settlement Class Members shall be deemed to have expressly waived any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States or by common law providing that a general release does not release claims that the releaser does not know or suspect to exist at the time of giving the release, including but not limited to Section 1542 of the California Civil Code.

12. All Settlement Class Members are forever enjoined from commencing, prosecuting, or participating in any way in any action or proceeding in any court or other forum asserting any of the Released Claims against any of the Released Parties. Settlement Class Members are expressly bound by the covenant not to sue contained in Section 16.02 of the Settlement Agreement and shall not sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and are barred from doing so, in any court of law or equity, or any other forum.

13. This Action is hereby **dismissed in its entirety with prejudice** and without costs for or against any party except as otherwise provided in this Judgment. Plaintiff and T-Mobile waive all rights to appeal.

14. Without affecting the finality of the Judgment hereby entered, the Court retains jurisdiction over the implementation of the settlement, including any disputes arising out of the terms and conditions of the Settlement Agreement, and over the Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement.

1    16.    In the event that the settlement reflected in the Settlement Agreement does
2  not become final in accordance with the terms of the Agreement, this Judgment and all
3  other orders entered in connection with the settlement shall be rendered null and void
4  as provided for and in accordance with the Settlement Agreement and shall be vacated.

5    17.    The Court awards Class Counsel $625,000 in attorney's fees and $68,470
6  in costs.  The Court also approves an incentive award of $1,500 to be paid to Plaintiff
7  Sayan Aboudi.

8    18.    There is no just reason for delay in the entry of this Final Approval Order
9  and Judgment, and immediate entry by the Clerk of Court is expressly directed.

**IT IS SO ORDERED, ADJUGED, AND DECREED** this 19th day of August, 2015.

Hon. Barry Ted Moskowitz

# **EXHIBIT "A"**

All persons who timely and properly requested exclusion from the Settlement Class are set forth below:

Rolando Farfan

Cruz Guerra